**Neculai GHERASIM; Maria Gherasim; Gabriel Eduard Gherasim, Petitioners,**

v.

**IMMIGRATION & NATURALIZATION SERVICE, Respondent.**

No. 00–71340.

I & NS Nos. A71–952–821, A71–952–822, A71–952–823.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 9, 2002.

Decided June 3, 2002.

Before TROTT, T.G. NELSON, Circuit Judges, and RHOADES,* District Judge.

MEMORANDUM **

Neculai and Maria Gherasim, husband and wife, and their son Gabriel Eduard (Eddie) Gherasim ("Petitioners"), natives and citizens of Romania, petition for review of the decision of the Board of Immigration Appeals ("BIA") denying their application for asylum and withholding of deportation pursuant to sections 208(a) and 243(h)(1) of the Immigration and Nationality Act and 8 U.S.C. §§ 1158(a) and 1253(h)(1). Petitioners seek asylum on the basis of their Baptist religion and anti-communist political opinion. We deny the petition for review.

* The Honorable John S. Rhoades, Sr., Senior United States District Judge for the Southern District of California, sitting by designation.

■ First, the BIA did not abuse its discretion by failing to consider the evidence submitted with Petitioners' motion to remand or failing to remand the case to the IJ to consider the evidence. When, as here, the BIA denies a motion to remand because an alien has "fail[ed] to introduce previously unavailable, material evidence," we review the denial for abuse of discretion. *INS v. Doherty*, 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992). The BIA abuses its discretion when it fails to offer a reasoned explanation for its decision, or distorts or disregards important aspects of the alien's claim. *Konstantinova v. INS*, 195 F.3d 528, 529 (9th Cir.1999).

Contrary to Petitioners' allegations, the BIA adequately explained its reasons for denying Petitioners' motion to remand. The BIA explained that 26 of the 34 exhibits attached to Petitioners' motion to remand could have been presented at the hearing as they pre-dated the hearing and that none of the other eight exhibits contained new and material information. Additionally, the BIA explained that it found unpersuasive Petitioners' argument that the evidence was unavailable to them because they did not have a lawyer since Petitioners expressly rejected the opportunity to retain a lawyer at the IJ hearings.

■ Second, the BIA's refusal to consider the evidence submitted on appeal did not violate Petitioners' due process rights. Petitioners have not shown that the proceeding was so "fundamentally unfair" that they were "prevented from reasonably presenting [their] case," as they were clearly given the opportunity to retain counsel. *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000) (citations omitted).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Third, the IJ's finding that Petitioners failed to establish an objective basis for their fear of persecution was supported by substantial evidence. *See Ochave v. INS*, 254 F.3d 859, 861–62 (9th Cir.2001). The substantial evidence standard is extremely deferential, requiring a reviewing court to uphold the IJ's findings unless "the evidence not only supports, but compels, contrary findings." *Ochave*, 254 F.3d at 862 (citing *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992)). We review the IJ's decision regarding the denial of Petitioners' claims for asylum and withholding of deportation since the BIA adopted the IJ's decision regarding those claims. *See Ochave*, 254 F.3d at 862.

The Attorney General has discretion to grant asylum to an alien who can demonstrate that he is a refugee within the meaning of 8 U.S.C. § 1101(a)(42)(A). 8 U.S.C. § 1158(a). Section 1101(a)(42)(A) defines a refugee as an alien who is "unable or unwilling to return to [his country] . . . because of persecution or a well-founded fear of persecution on account or race, religion, nationality, membership in a particular social group, or political opinion." [1] To qualify for asylum, an alien's well-founded fear of persecution must be "both subjectively genuine and objectively reasonable." *Mgoian v. INS*, 184 F.3d 1029, 1035 (9th Cir.1999) (citation omitted). An alien meets the subjective component by credibly testifying that she genuinely fears persecution. *Id.* An alien generally satisfies the objective component either by establishing that she has suffered persecu-

tion in the past or by showing that she has a good reason to fear future persecution. *Id.*

■ The IJ found that Petitioners met the subjective component by credibly testifying that they genuinely feared persecution. However, the IJ found that Petitioners did not meet the objective component. This finding was supported by substantial evidence.

To prove the objective component of the test, Petitioners may not:

> simply prove that there exists a generalized or random possibility of persecution in [their] native country; [they] must show that [they are] at particular risk—that [their] predicament is appreciably different from the dangers faced by [their] fellow citizens.

*Mgoian*, 184 F.3d at 1035 (internal quotation marks and citations omitted). In the present case, the IJ found that Petitioners have not shown any evidence that they were individually singled out, and the evidence presented does not compel another result.[2] The IJ had substantial evidence to find that Petitioners did not show that they faced dangers appreciably different from those faced by other citizens. Although Petitioners may have faced societal pressure or job discrimination based on their religion, this unpleasantness does not equal persecution. *See Ghaly v. INS*, 58 F.3d 1425, 1430–31 (9th Cir.1995). Moreover, "generalized allegations of persecution resulting from the political climate of a nation" are not sufficient to establish an asylum claim. *Estrada–Posadas v. INS*,

---

1. Failure to satisfy the lower standard of proof required to establish eligibility for asylum necessarily results in a failure to demonstrate eligibility for withholding of deportation. *Pedro–Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir.2000).

2. If there were a pattern or practice of persecution of similarly situated persons, and Petitioners could establish their inclusion in the group and the reasonableness of their fear, Petitioners would not have to show they would be individually singled out for persecution. *See id.* However, Petitioners did not argue pattern or practice.

924 F.2d 916, 920 (9th Cir.1991) (citing *Zepeda–Melendez v. INS*, 741 F.2d 285, 289–90 (9th Cir.1984)). Thus, although Petitioners fear returning to Romania based on their past pro-democratic activity, they have shown no evidence that the Romanian government was aware of their activities.

Petitioners criticize the IJ's heavy reliance on the State Department's Country Report, and the IJ's and BIA's failure to consider the letter and sworn affidavit of David Funderburk, former U.S. ambassador to Romania, which contradict the Country Report's assessment of conditions in Romania. Although a Country Report "may fail to identify specific, perhaps local, dangers to particular, perhaps obscure, individuals," *Chand v. INS*, 222 F.3d 1066, 1077 (9th Cir.2000), Petitioners still must prove the objective component of the test, which they have not done.

Finally, Petitioners' allegations that the IJ's finding that Petitioners had not experienced persecution was incorrect as a matter of law is without merit for the reasons stated above. Moreover, Petitioners' allegations that the IJ failed to consider the cumulative effects of religious intolerance and speculated about the nature of the Ceausescu regime and the procedure for dealing with police brutality are insufficient to overcome the substantial evidence standard.

PETITION DENIED.