Tsehay BELAYNEH; Esey Bekele,
aka Esey Bellete, Petitioners,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 01–70408.
A70–776–777; A70–776–778.

United States Court of Appeals,
Ninth Circuit.

Submitted June 5, 2002 *.

Decided June 18, 2002.

Before FERNANDEZ, WARDLAW,
and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Tsehay Belayneh, a citizen of Ethiopia, petitions for review of the Board of Immigration Appeals' denial of her motion to reopen in order to assert a claim under the Convention Against Torture, as implemented by the Foreign Affairs Reform and Restructuring Act of 1998, Pub.L. 105–277, § 2242, 112 Stat. 2681, 2681–822 (Oct. 21, 1998).[1] We deny the petition.

(1) The BIA determined that Belayneh did not spell out a prima facie case under the Convention Against Torture. In order to do that, she had the burden of submitting evidence "establishing 'substantial grounds for believing that [she] would be in danger of being subjected to torture" ' in Ethiopia. *Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir.2001) (citation omitted). On the record before it, the BIA determined that she had failed so to do.[2] We are not able to say that the BIA's decision constituted reversible error. *See INS v. Aguirre–Aguirre*, 526 U.S. 415, 423–25, 119 S.Ct. 1439, 1445–46, 143 L.Ed.2d 590 (1999); *INS v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 817, 117 L.Ed.2d 38 (1992); *Cordon–Garcia v. INS*, 204 F.3d 985, 990 (9th Cir.2000).

(2) Belayneh also asserts that the reopening procedure established by the regulations for those whose matters are otherwise administratively final[3] violates due process and equal protection. However, it is clear that the reopening procedure does afford a fair opportunity to proceed on a Convention Against Torture claim. *See Landon v. Plasencia*, 459 U.S. 21, 34–35, 103 S.Ct. 321, 330, 74 L.Ed.2d 21 (1982); *Padilla–Agustin v. INS*, 21 F.3d 970, 974–75 (9th Cir.1994) *overruled on other grounds by Stone v. INS*, 514 U.S. 386, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995). Moreover, there is nothing suspect about a classification scheme that distinguishes between those who are already subject to a final administrative order and those who are still in the midst of an initial proceeding. Thus, that classification need only have a rational basis. *See Dillingham v.*

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Belayneh's son, Esey Bekele, also petitions for review. His petition, however, is derivative of hers, and what we say regarding her petition applies to him also.

2. The failure of the INS to oppose her motion did not affect that substantive decision. *Cf. Konstantinova v. INS*, 195 F.3d 528, 530 (9th Cir.1999) (as to a mere procedural error, failure to oppose is like joinder by the INS).

3. *See* 8 C.F.R. §§ 3.2, 208.18(b).

*INS,* 267 F.3d 996, 1005 (9th Cir.2001); *Hooks v. Clark County Sch. Dist.,* 228 F.3d 1036, 1042 (9th Cir.2000). We see no irrationality in the distinction between final cases and those which are still in progress.

Petition DENIED.

