**Kourosh GHOLAMSHAHI, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–73912.

Agency No. A29–231–157.

United States Court of Appeals, Ninth Circuit.

Submitted May 13, 2004.*

Decided May 21, 2004.

Karl W. Krooth, Monica N. Ganjoo, Ganjoo Law Office, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Genevieve Holm, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2)(C).

** The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge, United States Court of Appeals for the Sixth Circuit, sitting by designation.

Before O'SCANNLAIN, SILER,** and HAWKINS, Circuit Judges.

MEMORANDUM***

Petitioner Kourosh Gholamshahi petitions for review of the Board of Immigration Appeals' ("BIA's") denial of his motion to reopen his deportation proceedings in order to reapply for asylum and withholding of deportation under the Convention Against Torture. Because the facts are known to the parties, we repeat them only as needed.

Substantial evidence supports the BIA's determination that Gholamshahi has not established his status as a Baha'i. *See Sangha v. INS,* 103 F.3d 1482, 1487 (9th Cir.1997). Because Gholamshahi has not established a prima facie case of eligibility for the underlying relief sought—here, asylum—the BIA did not abuse its discretion in denying the motion to reopen. *See Konstantinova v. INS,* 195 F.3d 528, 530 (9th Cir.1999); *Watkins v. INS,* 63 F.3d 844, 847 (9th Cir.1995).

Gholamshahi claims that his due process rights were violated at his initial asylum hearing in 1989 by the Immigration Judge's ("IJ's") failure to appoint an interpreter to assist him, even though he did not request an interpreter at the time. But Gholamshahi has not demonstrated prejudice from any failure to translate portions of the asylum proceedings. *See United States v. Leon–Leon,* 35 F.3d 1428, 1432 (9th Cir.1994). The record reveals instead that Gholamshahi testified at length and in significant detail regarding his claim for asylum. Because he was not

"prevented from reasonably presenting his case," we conclude that his due process claim must fail. *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000) (internal quotation omitted),

Gholamshahi styles his opening brief as a "Petition for Habeas Corpus and Motion to Reopen[,]" and invites us in his reply brief to transfer his petition to an unspecified district court under Fed. R.App. P. 22. We lack jurisdiction to entertain an original petition for a writ of habeas corpus. *See Cruz–Aguilera v. INS*, 245 F.3d 1070, 1073 (9th Cir.2001). Moreover, because we do have jurisdiction over Gholamshahi's due process claim, transfer is improper here. *Id.* at 1074.

Accordingly, the petition for review is DENIED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.