Michel ASFAHAN, Petitioner,

v.

Alberto GONZALES,* Attorney General, Respondent.

No. 03–74228.

United States Court of Appeals, Ninth Circuit.

Submitted March 23, 2005.**

Decided April 11, 2005.

---

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

John Martin Gallagher, Gallagher Sandoval, PC, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region, Laguna Niguel, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Donald E. Keener, Esq., Alison R. Drucker, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, TROTT, and SILVERMAN, Circuit Judges.

MEMORANDUM ***

Michel Asfahan, a native and citizen of Syria, petitions for review of a decision by the Board of Immigration Appeals ("BIA") affirming an immigration judge's denial of his motion to reopen deportation proceedings held in absentia. Because the transi-

*** This disposition is not appropriate for publication and may not be cited to or by the

tional rules apply, *Kalaw v. INS*, 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction under 8 U.S.C. § 1105a(a). We review for abuse of discretion, *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002), and we deny the petition for review.

■ The BIA did not abuse its discretion in denying as untimely Asfahan's motion to reopen based on ineffective assistance of counsel ("IAC"), because Asfahan had knowledge of the alleged ineffective assistance prior to the BIA's final decision on April 22, 1999, yet he did not file his motion to reopen until June 10, 2003, more than four years later. *See Iturribarria v. INS*, 321 F.3d 889, 897–98 (9th Cir.2003) (petitioner must act with due diligence when pursuing an IAC claim to benefit from equitable tolling of deadlines).

■ The BIA also did not abuse its discretion in denying Asfahan's motion to reopen based on changed country conditions, because Asfahan failed to establish prima facie eligibility for asylum. *See Mendez–Gutierrez v. Ashcroft*, 340 F.3d 865, 870 (9th Cir.2003). Asfahan has not resided in Syria for twenty years and he provided no evidence that he has ever been abused by Syrian authorities. While the documents he submitted attest to anti-American sentiment in Syria, they do not establish that Asfahan has a well-founded fear of persecution on account of religion. *See Konstantinova v. INS*, 195 F.3d 528, 530 (9th Cir.1999) (upholding denial of motion to reopen where petitioner introduced evidence that was too general in nature to demonstrate a well-founded fear of persecution).

PETITION FOR REVIEW DENIED.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.