Imelda TJAHJADIN, Petitioner,

v.

Alberto GONZALES, Attorney General,* Respondent.

Nos. 03–73239, 04–70163.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 15, 2005.**

Decided Feb. 23, 2005.

Eugene C. Wong, Esq., Robert G. Ryan, Esq., Law Offices of Eugene C. Wong, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Richard M. Evans, Esq., Paul Fiorino, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: D.W. NELSON, W. FLETCHER and FISHER, Circuit Judges.

---

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2)

** This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

MEMORANDUM ***

Imelda Tjahjadin, a native and citizen of Indonesia, claimed persecution on account of her Chinese ethnicity, her sex and her Buddhist religion. The Immigration Judge ("IJ") granted Tjahjadin's application for asylum based on Indonesia's history of discrimination and harassment of its ethnic Chinese. The Board of Immigration Appeals ("BIA") vacated and reversed the IJ, finding that Tjahjadin failed to establish past persecution or a well-founded fear of future persecution. The BIA also denied Tjahjadin's later motion to reopen her case. Tjahjadin petitions for review of the BIA's rulings. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny Tjahjadin's consolidated petitions for review.

Substantial evidence supports the BIA's conclusion that Tjahjadin did not suffer past persecution on account of her Chinese ethnicity, sex or religion. *See Nagoulko v. INS*, 333 F.3d 1012, 1016–17 (9th Cir.2003); *Gafoor v. INS*, 231 F.3d 645, 650–51 (9th Cir.2000). Moreover, the evidence does not compel a finding that Tjahjadin has a well-founded fear of persecution. *See Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir.1995). Although the evidence demonstrates that the ethnic Chinese are a significantly disfavored group in Indonesia, Tjahjadin has not shown any particularized individual risk. *Cf. Sael v. Ashcroft*, 386 F.3d 922, 927–29 (9th Cir. 2004). Thus, the BIA did not err when it found that she failed to show past persecution or a well-founded fear of future persecution.

The BIA did not abuse its discretion when it denied Tjahjadin's motion to re-open because the new information she offered in support of her motion did not demonstrate that she has a particularized risk of persecution if she were to return to Indonesia. *See Konstantinova v. INS*, 195 F.3d 528, 530 (9th Cir.1999).

**PETITIONS DENIED.**

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

