Imelda TJAHJADIN, Petitioner,

v.

Alberto R. GONZALES,* Attorney General, Respondent.

No. 03–73239, 04–70163.

United States Court of Appeals, Ninth Circuit.

May 16, 2005.

---

* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Eugene C. Wong, Esq., Robert G. Ryan, Esq., Law Offices of Eugene C. Wong, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region, Laguna Niguel, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mary Jane Candaux, Esq., Richard M. Evans, Esq., Paul Fiorino, Esq., U.S. Department of Justice, Civil Division, Office of Immigration Litigation, Washington, DC, for Respondent. Agency No. A78–357–411.

Before: D.W. NELSON, W. FLETCHER and FISHER, Circuit Judges.

## ORDER WITHDRAWING MEMORANDUM DISPOSITION AND TRANSFERRING CASE

The memorandum disposition filed February 23, 2005, 123 Fed.Appx. 327, is withdrawn and replaced by the following order:

■ Imelda Tjahjadin, a native and citizen of Indonesia, claimed persecution on account of her Chinese ethnicity, her sex and her Buddhist religion. The Immigration Judge ("IJ") granted Tjahjadin's application for asylum based on Indonesia's history of discrimination and harassment of its ethnic Chinese. The Board of Immigration Appeals ("BIA") vacated the IJ's decision and ordered Tjahjadin removed to Indonesia. The BIA also denied Tjahjadin's later motion to reopen her case. Tjahjadin petitions for review of the BIA's rulings. The BIA had no authority to issue an order removing Tjahjadin to Indonesia.[1] *See Molina–Camacho v. Ashcroft*, 393 F.3d 937, 941 (9th Cir.2004). As in *Molina–Camacho*, the BIA's act of issuing an ultra vires removal order "renders that portion of the proceedings a 'legal

---

1. That the BIA lacked the authority to order the removal of Tjahjadin was first raised by petitioner in her petition for rehearing and, in the alternative, her motion to remand to the BIA. In the government's opposition to the petition for rehearing it failed to oppose the petitioner's motion to remand or address the issue of the BIA's lack of authority to issue Tjahjadin's order of removal.

nullity.'" *Id.* (quoting *Noriega–Lopez v. Ashcroft,* 335 F.3d 874, 884 (9th Cir.2003)). Thus, we have no final order of removal before us, and we lack jurisdiction under 8 U.S.C. § 1252 to review this petition. *See id.* 393 F.3d at 942.

■ We therefore treat Tjahjadin's petition for review as a petition for habeas corpus under 28 U.S.C. § 2241 and transfer this petition to the United States District Court for the Northern District of California, San Francisco division. *See id.* at 941, 942 n. 4; 28 U.S.C. § 1631. Tjahjadin "may make any necessary amendments to perfect the form of the petition." *See Molina–Camacho,* 393 F.3d at 942.

Petitioner's motion to remand to the Board of Immigration Appeals, received April 8, 2005, and petitioner's Petition for Rehearing, filed April 8, 2005, are moot; respondent's opposition to the petition for rehearing with alternative motion to hold in abeyance, filed May 4, 2005, is moot.

TRANSFERRED.