**Juana PERAZA–PENUELAS,
Petitioner,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

No. 03–73504.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 17, 2005.

Decided June 30, 2005.

Antonio Reyna Salazar, Esq., Adolfo Ojeda–Casimiro, Salazar Law Offices, Seattle, WA, for Petitioner.

Richard Gabbert, Esq., Heller Ehrman White & McAuliffe, LLP, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Stephen J. Flynn, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, GRABER, and GOULD, Circuit Judges.

MEMORANDUM *

Generally, an immigration judge's discretionary hardship determination under 8 U.S.C. § 1229b(b)(1) is not reviewable by this court. *See* 8 U.S.C. § 1252(a)(2)(B)(i). However, Petitioner's motion to reopen involves 8 U.S.C. § 1182(a)(6)(A)(i), the provision relied upon by the Immigration and Naturalization Service as the basis for removability. Because § 1252(a)(2)(B)(i) "does not preclude [a panel's] review of the discretionary aspects of the BIA's denial of [Petitioner's] motion to reopen," *Medina–Morales v. Ashcroft*, 371 F.3d 520, 527 (9th Cir.2004), we retain jurisdiction over Petitioner's motion to reopen.[1]

Petitioner presented new evidence of her son's hyperactivity disorder and new evidence of her parents' relocation to the United States. That evidence is not "inherently unbelievable," *Limsico v. INS*, 951 F.2d 210, 213 (9th Cir.1991), and has a direct effect on Petitioner's hardship claim, 8 U.S.C. § 1229b(b)(1) (recognizing "exceptional and extremely unusual hardship" requirement for cancellation of removal eligibility). Because the BIA's brief order denying Petitioner's motion to reopen appears to misinterpret and/or misapply Petitioner's new evidence, *Konstantinova v. INS*, 195 F.3d 528, 529 (9th Cir.1999), and fails "to consider and address in its entirety the evidence submitted" by Petitioner, *Mohammed v. Gonzales*, 400 F.3d 785, 793 (9th Cir.2005), the BIA abused its discretion when it disregarded this evidence and denied Petitioner's motion. Specifically, the BIA failed to address Petitioner's theory that her parents' move affects her children, not the parents. Accordingly, Petitioner's motion to reopen is GRANTED and the case is REMANDED to the BIA for further proceedings.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Petitioner is eligible for relief under 8 U.S.C. § 1229b, even though she remained in this country beyond expiration of the voluntary departure deadline, because she stayed to avoid waiving her timely filed motion to reopen. *See Azarte v. Ashcroft*, 394 F.3d 1278, 1289 (9th Cir.2005).