Hayk **AVAKIMYAN,** Petitioner,

v.

Alberto R. **GONZALES,** Attorney General, Respondent.

No. 04–73308.

United States Court of Appeals, Ninth Circuit.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Submitted Aug. 1, 2005.*

Decided Aug. 4, 2005.

Hayk Avakimyan, Law Offices of Asbet A. Issakhanian, Glendale, CA, pro se.

District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Ann Carroll Varnon, Esq., Office of Immigration Litigation, U.S. Department of Justice, Washington, DC, for Respondent.

Before: O'SCANNLAIN CALLAHAN and BEA, Circuit Judges.

MEMORANDUM **

Hayk Avakimyan, a native and citizen of Armenia, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of his motion to reopen proceedings based on new evidence. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Konstantinova v. INS,* 195 F.3d 528, 529 (9th Cir.1999). We review due process claims de novo. *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir. 2000). We deny the petition for review.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The IJ did not abuse his discretion in denying Avakimyan's motion to reopen because Avakimyan failed to show that his passport was unavailable at the time of his merits hearing. *See INS v. Doherty,* 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992) (holding that a motion to reopen may be denied for failure to introduce previously unavailable evidence). The IJ granted Avakimyan two continuances totaling over one year so that Avakimyan could obtain identity documents and Avakimyan could not provide a consistent explanation for his inability to produce any identity documents within that period of time.

Avakimyan cannot show that he was prejudiced by the agency's failure to provide a transcript of his removal proceedings because he requested the transcript in order to challenge the IJ's underlying decision, but his appeal was only timely as to the IJ's denial of the motion to reopen. *See* 8 C.F.R. § 1003.38(b) (providing that a notice of appeal shall be filed within 30 calendar days after the mailing of an IJ's written decision); *Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (holding that to prevail on a due process challenge an alien must show error and substantial prejudice).

Avakimyan's due process challenge to streamlining is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849–51 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.