**Rosa Maria PEREZ ALBA; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 02–73133.

Agency Nos. A74–812–548, A74–812–549, A74–812–550, A74–812–576, A74–812–577.

United States Court of Appeals, Ninth Circuit.

Argued Dec. 8, 2004.

Submitted Aug. 11, 2005.

Decided Aug. 16, 2005.

Michael V. Schafler, Caldwell, Leslie, Newcombe & Pettit, Los Angeles, CA, Rebecca J. Poate, Lieff Cabraser Heimann & Bernstein, LLP, San Francisco, CA, for Petitioners.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Emily A. Radford, John C. Cunningham, Papu Sandhu, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before B. FLETCHER, NOONAN, and PAEZ, Circuit Judges.

**594**

MEMORANDUM *

The Perez Alba family[1] appeals the Board of Immigration Appeal's (BIA) denial of their motion to reopen deportation proceedings. The BIA's decision to deny a motion to reopen is reviewed for an abuse of discretion. *Socop–Gonzalez v. INS*, 272 F.3d 1176, 1187 (9th Cir.2001) (en banc). The failure to offer a reasoned explanation for denying a motion to reopen or distorting or disregarding an alien's claim is an abuse of discretion. *See Maravilla Maravilla v. Ashcroft*, 381 F.3d 855, 858 (9th Cir.2004); *Kostantinov v. INS*, 195 F.3d 528, 529 (9th Cir.1999). In this case, the BIA failed to fully and adequately explain its decision for denying the motion to reopen. The BIA said the motion was denied because the petitioners did not submit an approved visa petition or an application for adjustment of status. As family preference applicants, however, they are not required to submit an approved visa petition. 8 C.F.R. § 245.2(a)(2)(i)(B). Furthermore, the BIA said the petitioners did not "appear" to meet the criteria for administrative closing allowing them to apply for cancellation of removal, *i.e.* repapering. The petitioners either do or do not meet the criteria, appearances are not adequate to deny relief. Moreover, from the record the petitioners "appear" to meet the criteria for administrative closing and should therefore be allowed to apply for cancellation of removal in order for the BIA to exercise its discretion. *See Alcaraz v. INS*, 384 F.3d 1150 (9th Cir.2004). The BIA abused its discretion by failing to fully consider and address the petitioners' claims. *See Mohammed v. Gonzales*, 400 F.3d 785, 792–93 (9th Cir.2005); *Mejia v.*

*Ashcroft*, 298 F.3d 873, 879–80 (9th Cir. 2002). We reverse and remand to require the BIA to consider fully petitioners' entitlement to administrative closing and the availability for adjustment of status in light of the husband's (and father's) grant of citizenship.

REVERSED AND REMANDED.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. The Perez Alba family consists of Mrs. Rosa Maria Perez Alba and Mr. Edmundo Alba and their four children: Edmundo Alba, Daniel Alba, Samuel Alba, and Marisol Alba. Mrs. Perez Alba and the four children are petitioners here. Mr. Edmundo Alba, is not a petitioner. His adjustment of status petition was granted and he is a United States citizen.