**Liliana Vassileva KONSTANTINOVA; Petre Konstantinov Petrov, Petitioners,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 98–70162.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 7, 1999.

Decided Nov. 9, 1999.

Peter Popov, Beverly Hills, California, for the petitioner.

Karen Fletcher Torstenston and Timothy P. McIlmail, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for the respondent.

Before: B. FLETCHER, D.W. NELSON, and BRUNETTI, Circuit Judges.

## B. FLETCHER, Circuit Judge:

Liliana Konstantinova and her son Petre Konstantinov Petrov appeal the Board of Immigration Appeals' ("BIA") denial of their motions to reopen their asylum application, and to remand in order to pursue their adjustment of status application.[1] This court has jurisdiction pursuant to section 106(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1105a(a), and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA).[2] This case falls within IIRIRA's "transitional rules," which apply to deportation proceedings that were commenced before April 1, 1997 and resulted in final deportation orders issued after October 30, 1996. The transitional rules provide that, with certain exceptions not relevant here, the court of appeals has jurisdiction under old section 106(a) of the INA.[3] We affirm the BIA's denial of the motion to reopen to allow petitioners to pursue their asylum application. Because we find that the BIA abused its discretion in denying the motion to remand, however, we reverse and order the BIA to allow petitioners to pursue their adjustment of status application before the Immigration Judge.

Decisions by the BIA to deny motions to remand and motions to reopen are reviewed using the abuse of discretion standard. *INS v. Doherty,* 502 U.S. 314, 324, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992) (agency's denial of a motion to reopen is reviewed for an abuse of discretion regardless of the underlying basis of the alien's request for relief); *INS v. Rios–Pineda,* 471 U.S. 444, 449–450, 105 S.Ct. 2098, 85 L.Ed.2d 452 (1985); *Urbina–Osejo v. INS,* 124 F.3d 1314 (9th Cir.1997). The BIA abuses its discretion when it fails to offer a reasoned explanation for its decision, distorts or disregards important aspects of the alien's claim. *Gutierrez–Centeno v. INS,* 99 F.3d 1529, 1531 (9th Cir.1996).

Petitioners are Bulgarian nationals who have been living in the United States since July 1991. They entered the U.S. as visitors for pleasure, and applied for asylum based on the alleged past persecution of Konstantinova's husband and fear of future persecution for their anti-communist views. After the application was denied, the INS issued an Order to Show Cause charging mother and son with deportability. At their hearing, they withdrew their application for asylum based on improved country conditions and were granted voluntary departure. Following political unrest in Bulgaria, however, each filed a motion to reopen the deportation proceeding to allow them to reapply for asylum and withholding of deportation. These motions were denied, and the two appealed to the BIA. While the appeal was pending, Konstantinova received an approved labor certification and was the beneficiary of an approved visa petition, making her eligible for adjustment of status to lawful permanent resident. She filed a motion to remand the record to the Immigration Judge to enable her to pursue adjustment of status, but her attorney failed to include a

---

1. Petre Konstantinov Petrov's application is derivative of his mother's. The application will therefore be referred to in the singular.

2. *See* Pub.L. No. 104–208 (Division C), 110 Stat. 3009–546. IIRIRA repealed section 106(a) of the INA, and replaced it with a new

judicial review provision at section 242 of the INA.

3. *See* IIRIRA §§ 309(c)(1) and (4), 110 Stat. 3009–625–26.

completed I–485 application with the motion. The INS did not respond to the motion. The BIA denied the motion due to the missing application and rejected the appeal of the Immigration Judge's denial of the motion to reopen. With new counsel, mother and son simultaneously filed a motion to reconsider with the BIA and a petition for review with this court. The motion to reconsider has since been denied by the BIA. Petitioners therefore have exhausted all administrative remedies, making review in this court appropriate.

### 1. Motion to Reopen Application for Asylum or Withholding of Deportation

■ The BIA provided a reasoned explanation for its decision to deny the appeal of the motion to reopen Konstantinova's asylum and withholding of deportation applications. The BIA found that the Immigration Judge had carefully considered the materials forwarded by the applicant concerning recent tensions between communists and their opponents in Bulgaria, and that he had fairly found that Konstantinova failed to make out a prima facie case for either form of relief. Specifically, the Immigration Judge found, and the BIA agreed, that Konstantinova failed to demonstrate an objective basis for her fear that she would be targeted for persecution. In other words, the evidence she introduced was too general to demonstrate a well-founded fear that Konstantinova would personally be persecuted under the standard set out in *Matter of Mogharrabi*, 19 I & N Dec. 439 (BIA 1987). For these reasons, we affirm the BIA's decision upholding the denial of the motion to reopen.

### 2. Motion to Remand for Adjudication of Adjustment of Status Application

■ Under 8 C.F.R. § 3.2(c)(1), a completed application for the relief being sought through a motion to reopen, recon-

sider, or remand is required, alongside "all supporting documentation." However, the BIA retains the ability to waive procedural errors, and has done so when the circumstances warrant such action. *See, e.g., Matter of Yewondwosen*, I & N Dec. 3327 (BIA 1997). In *Yewondwosen*, the BIA granted a motion to remand in a situation analogous to the one presented here. In that case, the petitioner made a motion to remand the record to the Immigration Judge to pursue an application for adjustment of status on the basis of a newly approved visa petition. The petitioner included a copy of the approved visa petition with the motion to remand but failed to include a completed I–485. The INS joined the petitioner's motion to remand, and the BIA granted the motion, waiving the procedural defect. Looking closely at the governing regulations, the BIA found that while 8 C.F.R. § 3.2(c)(1) "makes it incumbent upon an alien to submit an application form when filing a motion to reopen, it does not state that failure to do so requires denial of the motion." *Id.* The BIA emphasized the importance of the INS's decision to join the motion to remand, explaining that "we consider the Service's position in this case to be significant." *Id.* The reasoning behind the BIA's decision, however, made it abundantly clear that it had the authority to waive the procedural defect of failing to include an I–485 with the motion to remand.

In this case, the BIA cited *Matter of Yewondwosen* as the basis for its denial of the motion to remand, explaining that the INS's *failure to join* Konstantinova's motion was dispositive in cases like this where there is a procedural error. Here, although the INS did not affirmatively join in the motion, it did not oppose it. Otherwise, the cases are identical. The BIA should have found in favor of Konstantinova. Despite the BIA's attempt to limit its decision in *Matter of Yewondwosen*,[4] we

---

4. The BIA explains that its decision in *Matter of Yewondwosen* is to be construed narrowly: "Accordingly, in cases where the alien has not

strictly complied with the regulatory requirements of 8 C.F.R. § 3.2(c)(1) by failing to submit an application for relief in support of

conclude that the BIA's failure to grant remand here was arbitrary. There is no conceivable policy reason to distinguish the two cases. We therefore reverse the BIA's denial of the motion to remand, and remand the case to the BIA with instructions to remand to the Immigration Judge and to take whatever other steps are necessary to allow petitioners to pursue their adjustment of status application, including a direction to waive the procedural defect.

AFFIRMED IN PART, REVERSED IN PART, REMANDED.

a motion to reopen or remand, but the Service affirmatively joins the motion, the Board (or an Immigration Judge) may reopen or remand in the interests of fairness and administrative economy. We underscore the limited scope of this decision." The BIA makes too much of the difference between the agency's decision to join the petitioner (as in *Yewondwosen*), or to refrain from filing an opposition (as in the instant case).