**Feng MA, Petitioner,**

v.

**John ASHCROFT, Attorney General,\* Respondent.**

No. 00–70928.

INS No. A76–276–690.

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2002.\*\*

Decided June 13, 2002.

Before WALLACE, TASHIMA and TALLMAN, Circuit Judges.

MEMORANDUM\*\*\*

The petition before us challenges the Board of Immigration Appeals' (Board) credibility finding and denial of the petitioner's motion to reopen. Because substantial evidence supports the Board's adverse credibility determination, we need not address whether the Board improperly required Ma to provide corroborative evidence to support his application. The Board had jurisdiction under 8 C.F.R. §§ 3.1(b)(3) and 240.53(a), and we have jurisdiction over this timely petition pursuant to 8 U.S.C. § 1252(b).

Ma asserts that the Board should not have discredited his testimony because there are reasonable explanations (other than Ma's untruthfulness) for the inconsistencies and oddities in his testimony. Whether there are plausible explanations under which Ma's story might be true is not the appropriate test. Rather, we review the Board's administrative findings to determine whether "any reasonable adjudicator would be compelled to conclude to the contrary." *Chen v. INS*, 266 F.3d 1094, 1098 (9th Cir.2001) (citing 8 U.S.C. § 1252(b)(4)(B) (Supp. II 1996)). Ma was unable to provide concrete evidence even of his marriage, so the importance of his credibility was heightened. Ma gave highly suspect testimony. The Board provided specific, cogent reasons for discounting his testimony. The discrepancies in Ma's testimony regarding his wife's forced abortion are material because the incident is critical to his asylum claim. *See De Leon–Barrios v. INS*, 116 F.3d 391, 393–94 (9th Cir. 1997). As such, they are sufficient to support the Board's adverse credibility determination. *Id.* The evidence does not compel a finding contrary to that reached by the Board.

Ma next argues that the Board should have remanded the case for a hearing which would consider Ma's cooperation with American authorities in prosecuting the individuals who smuggled him into

---

\* John Ashcroft is substituted for his predecessor, Janet Reno, as Attorney General of the United States, Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Guam. A motion to reopen must be supported by "affidavits and other evidentiary material." 8 C.F.R. § 3.23(b)(3).

The Board did not deny Ma's motion solely on the basis that Ma had failed to raise it before the Immigration Judge. Rather, the Board examined the merits of Ma's assertion, and held that Ma's "generalized statement" on appeal was "unsupported by any facts or documentary evidence relevant to his fear of harm or analysis under applicable case law." The Board found that Ma had not provided a sufficient evidentiary basis for remand. Therefore, the Board's denial of Ma's request was not an abuse of discretion, because the Board offered a "reasoned explanation for its decision." *See Konstantinova v. INS*, 195 F.3d 528, 529 (9th Cir.1999).

Petition DENIED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.