**Ismail SEVING, a.k.a. Lida Ghafary, Petitioner,**

v.

**John ASHCROFT, Attorney General,\* Respondent.**

No. 02–73355.

Agency No. A71–572–916.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2003.

Decided Jan. 15, 2004.

---

\* Because the Immigration and Naturalization Service ceased to exist on March 1, 2003, Attorney General John Ashcroft has been substituted as respondent. *See* Fed. R.App. P. 43(c)(2).

Robert B. Jobe, Law Office of Robert B. Jobe, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security,

San Francisco, CA, David V. Bernal, Attorney, Stephen J. Flynn, Barry J. Pettinato, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before HUG, B. FLETCHER, and WARDLAW, Circuit Judges.

MEMORANDUM**

Ismail Seving ("Seving"),[1] a native and citizen of Afghanistan, petitions for review of a decision by the Board of Immigration Appeals ("BIA") denying her motion to reopen exclusion proceedings. The BIA denied the motion, finding that Seving had not shown changed country conditions under its regulations. We have jurisdiction pursuant to former 8 U.S.C. § 1105a, and the transitional rules set forth in section 309(c) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104–208, 110 Stat. 3009 (1996), as amended by the Act of October 11, 1996, Pub.L. No. 104–302, 110 Stat. 3656. We grant the petition and remand for further proceedings.

*Background*

Seving fled Afghanistan in 1993 after much of her family was killed as a result of the widespread violence in the country at that time. Because she attempted to enter this country on a false passport, she was placed in exclusion proceedings. At her exclusion hearing, Seving raised an asylum claim based on her father's political connections to Afghanistan's pro-Soviet communist government of the early 1990s. The immigration judge denied her claim in September 1993. Seving appealed to the BIA, but the agency did not act on her

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Petitioner's real name is Lida Ghafary. She has been using the name "Ismail Seving"

because that was the name in the false passport which she used to enter the United States. Since all of the previous proceedings have been captioned under the name "Seving," we refer to the petitioner by that name to avoid confusion.

case until May 1998, when it denied Seving's appeal.

During the time Seving's case was pending at the BIA, substantial changes took place in Afghanistan, most notably the rise of the ultra-conservative Taliban movement, which had taken control of much of the country by 1996. In light of these changes, Seving filed a motion to reopen proceedings with the BIA in November 2000.[2] She claimed that, because of the rise of the Taliban, she now feared persecution based on the fact that she was a woman who had adopted Western customs and also based on her Uzbek ethnicity. Although her motion to reopen would normally be both time and number-barred,[3] Seving claimed that she met the exception in 8 C.F.R. § 3.2(c)(3)(ii)[4] in that she sought to re-apply for asylum based on changed circumstances in Afghanistan.[5] While the motion was pending before the BIA in the fall of 2001, the United States led a military intervention in Afghanistan and removed the Taliban from power. Seving filed a supplemental brief with the BIA, arguing that, even after the removal of the Taliban, she continued to have a well-founded fear of persecution based on her being a woman who had adopted Western customs and also based on her ethnicity.

The BIA denied Seving's motion to reopen on September 26, 2002. While its decision is not entirely clear, the BIA based its denial primarily on its finding that Seving had not established changed country conditions under the regulations. The BIA also appeared to indicate that Seving had not made a prima facie showing that she would be eligible for asylum based on her gender. The BIA did not address Seving's claim based on her ethnicity.

*Discussion*

We review the BIA's decision to deny a motion to reopen for an abuse of discretion. *See INS v. Doherty,* 502 U.S. 314, 323–24, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992); *Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003). "The BIA abuses its discretion when it fails to offer a reasoned explanation for its decision, distorts or disregards important aspects of the alien's claim." *Konstantinova v. INS,* 195 F.3d 528, 529 (9th Cir.1999).

■ The BIA abused its discretion in denying Seving's motion to reopen. The BIA's decision does not explain its conclusion that conditions in Afghanistan had not changed between 1993 (when Seving first filed for asylum) and 2002 (when the BIA

---

**2.** Seving had earlier filed another motion to reopen based on a claim under the Convention Against Torture. The BIA denied that motion as untimely and Seving did not challenge that decision.

**3.** Seving's motion to reopen would be time-barred because she filed it more than 90 days after the BIA rendered its decision in her original proceeding. *See* 8 C.F.R. § 3.2(c)(2) (2002). Seving's motion would be number-barred because she had previously filed another motion to reopen. *See id.*

**4.** This regulations was recodified at 8 C.F.R. § 1003.2 on March 5, 2003, as part of the reorganization following the creation of the

Department of Homeland Security. *See* Reorganization of Regulations, 68 Fed.Reg. 10,-349 (March 5, 2003). We refer to the regulations as they were codified at the time of the BIA decision.

**5.** 8 C.F.R. § 3.2(c)(3)(ii) provides that a motion to reopen will not be subject to time and number restrictions if the applicant seeks

To apply or reapply for asylum or withholding of deportation based on changed circumstances arising in the country of nationality ..., if such evidence is material and was not available and could not have been discovered or presented at the previous hearing.

8 C.F.R. § 3.2(c)(3)(ii) (2002).

issued its decision). As Seving's submissions amply demonstrate, few countries experienced the kind of drastic change and turmoil that Afghanistan experienced during that period. It is also clear that the changes in Afghanistan between 1993 and 2002 were material to Seving's claim: the intervening rise of the Taliban was crucial to Seving's claims that she feared persecution both because she was a woman who had adopted Western customs, a clear anti-Taliban political statement, and because of her ethnicity. We therefore find that Seving has established that she meets the exception in 8 C.F.R. § 3.2(c)(3)(ii), and that the BIA abused its discretion when it found Seving's motion to reopen to be time or number-barred.

We also find that Seving has made a prima facie showing of eligibility for asylum. A prima facie showing does not require a conclusive showing that eligibility for asylum has been established. *Ordonez v. INS*, 345 F.3d 777, 785 (9th Cir. 2003). Instead, the movant must present affidavits or other evidentiary material which, if true, would satisfy the requirements for substantive relief. *Hernandez–Ortiz v. INS*, 777 F.2d 509, 513 (9th Cir. 1985). In this case, Seving submitted a detailed declaration outlining her fear of persecution and substantial documentary evidence of the conditions in Afghanistan both before and after the U.S.—led intervention in 2001. This evidence, taken as true, supports her claim of a well-founded fear of persecution on account of the fact that she is a woman who has adopted Western customs (a political statement), and also on account of her Uzbek ethnicity.

The BIA decision suggests that the violence Seving fears is part of the general strife occurring in Afghanistan and cannot constitute persecution under our precedents. *See Rostomian v. INS*, 210 F.3d 1088, 1089 (9th Cir.2000) (holding that random acts of violence during period of sig-

nificant strife do not constitute persecution). We have no doubt that random violence has plagued Afghanistan over the past two years, but Seving's documentation indicates that certain groups—including women who have adopted Western customs and ethnic Uzbeks—are at greater risk of harm based on their membership in those political and ethnic groups than the general population. And the fact that a country is experiencing general turmoil does not mean that a member of a particular group cannot show a fear of persecution. *See Baballah v. Ashcroft*, 335 F.3d 981, 990 (9th Cir.2003). Seving has therefore made a prima facie showing that she is eligible for asylum.

Because Seving has made a prima facie showing of eligibility for asylum, and because she has established changed country circumstances under 8 C.F.R. § 3.2(c)(3)(ii), we grant the petition and remand to the BIA with instructions to reopen proceedings in Seving's case and allow her to re-apply for asylum.

**PETITION GRANTED** and **REMANDED** with instructions.