**Julio Cesar SUAREZ–SIMICH,
Petitioner,**

v.

**John ASHCROFT, Attorney
General, Respondent.**

**Nos. 03–70547, 03–74277.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 4, 2004.

Decided Nov. 15, 2004.

Howard R. Davis, Esq., Davis, Miller & Neumeister, Van Nuys, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., Margot L. Nadel, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, FISHER and TALLMAN, Circuit Judges.

MEMORANDUM *

Julio Cesar Suarez–Simich, a native and citizen of Peru, claimed persecution on account of his whistleblowing activities. The Immigration Judge ("IJ") denied Suarez–Simich's applications for asylum and withholding of removal. Suarez–Simich petitions for review of the Board of Immigration Appeals' ("BIA's") opinion affirming the IJ's decision and the BIA's denial of his motion to reopen. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny Suarez–Simich's consolidated petitions for review.

Substantial evidence supports the BIA's conclusion that Suarez–Simich did not suffer past persecution on account of his opposition to the illegal photography sales by his superior officers in the Peruvian Air Force. See Pedro–Mateo v. INS, 224 F.3d 1147, 1150 (9th Cir.2000). Furthermore, substantial evidence supports the BIA's finding that Suarez–Simich did not have a well-founded fear of future persecution because the military officials continued to seek him out only on account of his deser-

tion. See Ghaly v. INS, 58 F.3d 1425, 1431 (9th Cir.1995).

Because Suarez–Simich has failed to satisfy the standard of proof for asylum eligibility, he also fails to meet the more stringent standard for withholding of removal. Id. at 1429.

The BIA did not abuse its discretion when it denied Suarez–Simich's motion to reopen because the new information he offered in support of his motion was not sufficiently material. See Konstantinova v. INS, 195 F.3d 528, 530 (9th Cir.1999).

PETITIONS DENIED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.