Ada Teresa CARRILLO MORENO; Jaime Leonardo Cruz Carrillo; Julian Francisco Cruz Carrillo,* Petitioners,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–73297.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 15, 2004.**

Decided Nov. 23, 2004.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Terri J. Scadron, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Robbin K. Blaya, Esq., U.S. Department of Justice Office of Immigration Litigation, Washington, DC, for Respondent.

Before: LEAVY, MCKEOWN, and BERZON, Circuit Judges.

MEMORANDUM ***

Ada Teresa Carrillo Moreno and her two children, natives and citizens of Colombia, petition for review of the Board of Immigration Appeals' ("BIA") denial of their

---

* Jaime Cruz Pulido's status as a petitioner was terminated by this Court's July 3, 2003 Order. The clerk shall amend the docket to reflect the above caption.

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

motion to reopen and remand their asylum cases based on changed circumstances in Colombia. We have jurisdiction pursuant to former 8 U.S.C. § 1105a(a). *See Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997). We review the denial of a motion to reopen for an abuse of discretion. *See Konstantinova v. INS,* 195 F.3d 528, 529 (9th Cir. 1999). We deny in part and dismiss in part the petition for review.

■ The evidence that Petitioners introduced, articles describing the escalating violence in Colombia, was too general to demonstrate a well-founded fear that they would personally be persecuted upon return to Colombia. *See id.* at 530.

■ We lack jurisdiction over the BIA's order summarily affirming the Immigration Judge's denial of asylum. *See* 8 U.S.C. § 1252(b)(1) (petition for review must be filed no later than 30 days after the date of the final order of removal).

**PETITION FOR REVIEW DENIED in part, and DISMISSED in part.**