**Puga Felix TORRES, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**Nos. 03–71534, A76–367–749.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 16, 2005.*

Decided April 18, 2005.

Jorge I. Rodriguez–Choi, Esq., Attorney at Law, San Francisco, CA, for Petitioner.

Regional Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Donald E. Keener, Esq., Greg D. Mack, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before KLEINFELD, WARDLAW, and BERZON, Circuit Judges.

## MEMORANDUM **

Puga Felix Torres is a native and citizen of Mexico. Torres appeals the Board of Immigration Appeals' ("BIA") denial of his motion to reconsider its denial of his motion to remand to reopen proceedings for consideration of the birth of his United States citizen child. We have jurisdiction under 8 U.S.C. § 1252(a)(1) and we affirm.

"[G]ranting a motion to reopen is a discretionary matter with [the] BIA." *INS v. Rios–Pineda,* 471 U.S. 444, 449, 105 S.Ct. 2098, 85 L.Ed.2d 452 (1985) (finding the BIA had discretion to deny reopening a case because the petitioners reached the residency requirement during the course of their meritless appeal). In this case, the BIA exercised its discretion to deny Torres' motion to reopen regardless of whether Torres may have made out a prima facie case for relief. *See INS v. Abudu,* 485 U.S. 94, 105, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988) (holding that "in cases where the ultimate grant of relief is discretionary" the BIA may skip over threshold

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

concerns such as whether a prima facie case is made "and simply determine that even if [the thresholds] were met, the movant would not be entitled to the discretionary grant of relief").

The BIA did not abuse its discretion in refusing to grant Torres relief because the Board provided "a reasoned explanation based upon legitimate concerns about the administration of the immigration laws." *Ubau–Marenco v. INS,* 67 F.3d 750, 758 (9th Cir.1995) (internal quotations omitted), overruled on other grounds by *Fisher v. INS,* 79 F.3d 955 (9th Cir.1996). The BIA determined that Torres twice lied to the Immigration Judge about whether he had a citizen child, thereby drawing out his deportation process and giving him time to have a citizen child. "The Attorney General can, in exercising his discretion, legitimately avoid creating a further incentive for stalling by refusing to reopen suspension proceedings for those who became eligible for such suspension only because of the passage of time while their meritless appeals dragged on." *Rios–Pineda,* 471 U.S. at 450, 105 S.Ct. 2098.

Torres' reliance on *Konstantinova v. INS,* 195 F.3d 528 (9th Cir.1999), is misplaced. The petition was granted in that case because the BIA had arbitrarily refused to waive a procedural error even though it had waived the same procedural error in another case. *Id.* at 530–31.

Because the BIA's denial of Torres' motion to reopen was not premised on any errors of law or fact, the denial of the motion to reconsider was not an abuse of discretion. *See Iturribarria v. INS,* 321 F.3d 889, 895 (9th Cir.2003) (noting that motions to reconsider may only challenge legal and factual determinations of the BIA's decision).

Pursuant to *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), Torres' motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was granted, the voluntary departure period was also stayed, nunc pro tunc, to the filing of the motion for stay of removal. This stay will expire upon issuance of the mandate.

AFFIRMED.