**Vaneek AGHABOBIAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–71916.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 11, 2005.*

Decided Oct. 19, 2005.

Paula N. Harris, Esq., Harris & Harris, LLP, Burbank, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, OIL, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL, T.G. NELSON and TALLMAN, Circuit Judges.

MEMORANDUM **

Vaneek Aghabobian, a native and citizen of Iran, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an immigration judge's denial of his motion to reopen removal proceedings conducted in absentia. We

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Konstantinova v. INS*, 195 F.3d 528, 529 (9th Cir.1999), and we deny the petition for review.

The BIA did not abuse its discretion in denying Aghabobian's motion to reopen as untimely to the extent the motion sought to rescind the removal order based on exceptional circumstances. *See* 8 U.S.C. § 1229a(b)(5)(C) (requiring a motion to reopen based on exceptional circumstances to be filed within 180 days after the removal order).

The BIA was also within its discretion in denying Aghabobian's motion to reopen based on changed conditions in Iran. The new evidence does not demonstrate a change in conditions that is material to Aghabobian's personal circumstances. *See Konstantinova*, 195 F.3d at 530 (upholding denial of a motion to reopen where new evidence was too general to demonstrate well-founded fear); 8 C.F.R. § 1003.23(b)(4)(i) (requiring evidence of changed conditions to be "material").

Aghabobian's motion requesting acceptance of his late-filed reply brief is granted. The clerk shall file the reply brief received on August 11, 2005.

**PETITION FOR REVIEW DENIED.**