Gerardo Martinez MENDEZ,
Petitioner,

v.

Alberto R. GONZALES, Attorney
General, Respondent.

No. 04–74303.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 5, 2005.[*]

Decided Dec. 12, 2005.

---

**2.** Alexander's Motion For Remand For *Booker* Resentencing filed April 4, 2005, is denied as moot.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Gerardo Martinez Mendez, Baldwin Park, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

### MEMORANDUM **

Gerardo Martinez Mendez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reopen. We have jurisdiction to review the denial under 8 U.S.C. § 1252, and do so pursuant to an abuse of discretion standard. *de Martinez v. Ashcroft*, 374 F.3d 759, 761 (9th Cir.2004). We deny the petition for review.

** This disposition is not appropriate for publication and may not be cited to or by the

To prevail on his motion, Mendez was required to submit evidence that revealed a reasonable likelihood that he satisfied the requirements for cancellation of removal. *See Ordonez v. INS*, 345 F.3d 777, 785 (9th Cir.2003). However, although the BIA was required to accept Mendez's facts as true, the bare assertion that his wife would suffer exceptional and extremely unusual hardship is a legal conclusion, not a fact. *Cf. id.* at 786. Moreover, he claims that she is financially, emotionally, and physically dependent on him and could not accompany him to Mexico. These claims are insufficient standing alone. *See Konstantinova v. INS*, 195 F.3d 528, 530 (9th Cir.1999) (finding denial of motion to reopen not an abuse of discretion where evidence was "too general" to show prima facie eligibility for relief). The BIA, therefore, did not abuse its discretion in concluding that Mendez failed to provide any evidence of exceptional and extremely unusual hardship. *See Ordonez*, 345 F.3d at 782.

Additionally, Mendez's contention that the BIA violated his constitutional due process rights by allegedly failing to consider his marriage to a United States citizen is unavailing. The BIA clearly considered his wife and found no evidence of exceptional and extremely unusual hardship. *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000) (stating that a proceeding violates due process if it is so fundamentally unfair that the alien is prevented from reasonably presenting his case).[1]

**PETITION FOR REVIEW DENIED.**

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. In light of the foregoing, we need not, and

do not, address Mendez's contentions that the BIA abused its discretion in denying his motion on the grounds that he failed to voluntarily depart and submit evidence of a pending visa petition filed on his behalf.