Jorawar Singh JASWAL, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–73223.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 9, 2006.*

Decided Jan. 17, 2006.

Jorawar Singh Jaswal, Watsonville, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, M. Jocelyn Wright, Esq., Daniel E. Goldman, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HUG, O'SCANNLAIN and SILVERMAN, Circuit Judges.

MEMORANDUM **

Jorawar Singh Jaswal, a native and citizen of India, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. To the extent we have jurisdiction, it is conferred by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Konstantinova v. INS*, 195 F.3d 528, 529

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

(9th Cir.1999), and we dismiss in part and deny in part the petition for review.

■ We lack jurisdiction to consider Jaswal's challenge to the BIA's November 17, 2003 order dismissing his appeal because he did not file a timely petition for review from that order. *See* 8 U.S.C. § 1252(b)(1), (2).

■ The BIA did not abuse its discretion when it denied Jaswal's motion to reopen to reapply for asylum based on changed country conditions in India. The Internet articles submitted by Jaswal constituted only general background material, were not probative of his claim and did not establish prima facie eligibility for relief. *See Konstantinova,* 195 F.3d at 530 (upholding denial of motion to reopen where petitioner introduced evidence that was too general in nature to demonstrate a well-founded fear of persecution).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**