**Reynaldo Bote ABERIN; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–70842.

United States Court of Appeals, Ninth Circuit.

Submitted April 5, 2006.*

Decided April 12, 2006.

Richard M. Wilner, Wilner & O'Reilly, Aplc., Cerritos, CA, for Petitioners.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Donald E. Keener, Esq., Alison R. Drucker, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, MCKEOWN, and PAEZ, Circuit Judges.

### MEMORANDUM **

Reynaldo Bote Aberin and his family, natives and citizens of the Philippines, petition for review of the Board of Immigration Appeals' order adopting and affirming an immigration judge's order denying their motion to reopen deportation proceedings conducted in absentia. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *de Martinez v. Ashcroft*, 374 F.3d 759, 761 (9th Cir.2004), and we grant the petition for review.

In light of Petitioners' diligence and cooperation with the government in the prosecution of Jose Mendoza, the agency abused its discretion by not equitably tolling the deadline for filing a motion to reopen until Petitioners discovered the extent of Mendoza's fraud at their adjustment of status interview. *See Iturribarria v. INS*, 321 F.3d 889, 897 (9th Cir.2003) (allowing for equitable tolling of motion deadlines where petitioner acts with due diligence in discovering deception, fraud or

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

error). Moreover, the agency abused its discretion in denying Petitioners' motion to reopen for lack of evidence where the motion was unopposed by the government. *See Konstantinova v. INS*, 195 F.3d 528, 530–31 (9th Cir.1999) (agency abuses its discretion when it refuses to waive procedural defects for unopposed motions to reopen).

### PETITION FOR REVIEW GRANTED; REMANDED.