**Kulvir SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–73541.**

United States Court of Appeals, Ninth Circuit.

Submitted May 16, 2007.*

Filed June 1, 2007.

Teresa Salazar, Law Offices of Martin Resendez Guajardo a Professional Corporation, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Lyle D. Jentzer, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, REINHARDT, and TASHIMA, Circuit Judges.

MEMORANDUM **

Kulvir Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *see Konstantinova v. INS,* 195 F.3d 528, 529 (9th Cir.1999), and

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Singh's motion to reopen as untimely where it was filed more than two years after the BIA's final order of removal. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (motion to reopen must be filed within 90 days of the final administrative removal order).

We lack jurisdiction to consider whether or not the BIA should have exercised its *sua sponte* authority to reopen proceedings, and we are not persuaded by Singh's attempt to circumvent this jurisdictional bar. *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir.2002) (noting that "the decision of the BIA whether to invoke its *sua sponte* authority is committed to its unfettered discretion") (italics and internal citations omitted).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.