**Usha LATA; Yasuyuki Suzuki, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–75882.

United States Court of Appeals, Ninth Circuit.

Submitted May 16, 2007.*

Filed June 1, 2007.

Zaheer Zaidi, San Jose, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA,

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Emily A. Radford, Esq., Ari Nazarov, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Gregory M. Kelch, Esq., U.S. Department of Justice, Tax Division, Washington, DC, for Respondent.

Before: PREGERSON, REINHARDT, and TASHIMA, Circuit Judges.

MEMORANDUM **

Usha Lata, a native and citizen of Fiji, and her husband, Yasuyuki Suzuki, a native and citizen of Japan, petition for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen removal proceedings. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *see Konstantinova v. INS,* 195 F.3d 528, 529 (9th Cir.1999), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying petitioners' motion to reopen as untimely because they filed it more than twenty months after the BIA's final order, *see* 8 C.F.R. § 1003.2(c)(2), and they failed to show they were entitled to equitable tolling, *see Iturribarria v. INS,* 321 F.3d 889, 897 (9th Cir.2003) (equitable tolling applies "when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering" the misconduct).

We lack jurisdiction to consider whether or not the BIA should have exercised its

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*sua sponte* authority to reopen proceedings under 8 C.F.R. § 1003.2(a). *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir.2002).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

Circuit Judge PREGERSON dissents.