**Carlos Eduardo RODAS–ESCOBAR, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–76770.

United States Court of Appeals, Ninth Circuit.

Submitted May 16, 2007 *.

Filed June 1, 2007.

Steven R. Espinoza, Whittier, CA, for Petitioner.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Jamie M. Dowd, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: PREGERSON, REINHARDT, and TASHIMA, Circuit Judges.

MEMORANDUM **

Carlos Eduardo Rodas–Escobar, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order adopting and affirming in part an immigration judge's denial of his motion to reopen deportation proceedings conducted *in absentia*. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *See Konstantinova v. INS*, 195 F.3d 528, 529 (9th Cir.1999). We grant the petition for review.

Rodas–Escobar's deportation proceedings were administratively closed in 1991 because he received Temporary Protected Status. When Rodas–Escobar moved to reopen to apply for benefits under the Nicaraguan Adjustment and Central American Relief Act, his notary wrote the wrong address on the motion to reopen and, as a result, Rodas–Escobar did not receive notice of his hearing and was ordered deported *in absentia*. The evidence

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

of record shows reasonable cause for Rodas–Escobar's failure to appear, and the agency abused its discretion in concluding otherwise. *See Urbina–Osejo v. INS*, 124 F.3d 1314, 1316 (9th Cir.1997) (observing that reasonable cause can exist if petitioner does not receive adequate notice of hearing).

Accordingly, we grant the petition and remand for further proceedings in light of a showing of reasonable cause for failure to attend the hearing. *INS v. Ventura*, 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**