Benito Angel **GONZALEZ–PEREZ, Petitioner,**

v.

Alberto R. **GONZALES, Attorney General, Respondent.**

No. 05–76525.

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 2007 *.

Filed June 7, 2007.

Jeremy R. Frost, Esq., Law Offices of Jeremy R. Frost & Associates, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Marie–Flore V. Kouame, U.S. DOJ–Office of Enforcement Operations Criminal Division, Washington, DC, for Respondent.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

Benito Angel Gonzalez–Perez, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order adopting and affirming an immigration judge's order denying his motion to reopen deportation proceedings conducted *in absentia.* We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *See Konstantinova v. INS,* 195 F.3d 528, 529 (9th Cir.1999). We grant the petition for review and remand.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The BIA abused its discretion in denying Gonzalez–Perez's motion to reopen because the record does not contain a signed certified mail receipt to indicate that Gonzalez–Perez was properly served with the Order to Show Cause ("OSC"). Without proper service of the OSC, Gonzalez–Perez cannot be charged with receiving the notice of hearing. *See Chaidez v. Gonzales,* 486 F.3d 1079 (9th Cir.2007) (signature of unknown individual at petitioner's house on the OSC was not enough to create a presumption of proper delivery to petitioner or a responsible person at his address).

Accordingly, we grant the petition and remand for further proceedings. *INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW GRANTED; REMANDED.**