Nirbhair SINGH, Petitioner,

v.

Peter D. KEISLER,* Acting Attorney General, Respondent.

No. 06–71074.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2007 **.

Filed Sept. 27, 2007.

Martin Avila Robles, Esq., Law Office of Martin Resendez Guajardo, P.C., San Francisco, CA, for Petitioner.

---

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See*

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Paul Fiorino, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Karen J. Sharp, DOJ—U.S. Department of Justice, Dallas, TX, for Respondent.

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

### MEMORANDUM ***

Nirbhair Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *see Konstantinova v. INS*, 195 F.3d 528, 529 (9th Cir.1999), and we deny the petition for review.

The BIA did not abuse its discretion in denying Singh's motion to reopen as untimely where Singh filed the motion more than two years after the BIA's final order of removal, *see* 8 C.F.R. § 1003.2(c)(2), and failed to submit evidence of new and material changed country conditions in India that would excuse the late filing, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir.2004) (requiring circumstances to "have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution").

**PETITION FOR REVIEW DENIED.**

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

