## Ram MURTI, Petitioner,

v.

## Michael B. MUKASEY, Attorney General, Respondent.

No. 06–74725.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2008 *.

Filed Jan. 24, 2008.

Kuldip S. Dhariwal, Esq., Fremont, CA, for Petitioner.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**534**

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Hillel Smith, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

MEMORANDUM **

Ram Murti, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen proceedings based on changed country conditions. To the extent we have jurisdiction, it is under 8 U.S.C. § 1252. We review for an abuse of discretion, *see Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir.2004), and we dismiss in part and deny in part the petition for review.

Murti does not dispute that his motion to reopen was filed more than ninety days after the BIA's June 23, 2004 decision. *See* 8 C.F.R. § 1003.2(c)(2). The BIA did not abuse its discretion in concluding that evidence of historical discrimination faced by Dalit caste members and of ongoing tensions between Sikhs and Indian authorities failed to establish that circumstances have changed in India so that Murti now has a well-founded fear of future persecution. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *see also Malty*, 381 F.3d at 945. The articles and Murti's affidavit were too general to establish changed circumstances in India. *See Konstantinova v. INS*, 195 F.3d 528, 530 (9th Cir.1999).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We lack jurisdiction to review Murti's contention that the evidence supporting his claim for asylum on account of his membership in the Dalit caste was previously undiscoverable under 8 C.F.R. § 1003.2(c)(3)(ii) because he did not raise this argument before the BIA. *See Camposeco–Montejo v. Ashcroft*, 384 F.3d 814, 821 (9th Cir.2004) (holding that the court lacks jurisdiction to review a legal argument not raised by petitioner before the BIA).

**PETITION FOR REVIEW DISMISSED in part and DENIED in part.**