**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN PAUL GNOVEL, | No. 07-71313 |
| Petitioner, | Agency No. A076-694-156 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2011**
San Francisco, California

Before: O'SCANNLAIN and TROTT, Circuit Judges, and CAMPBELL, Senior
District Judge.***

John Paul Gnovel petitions for review of the BIA's affirmance of the IJ's

denial of withholding of removal and Convention Against Torture relief. Mr.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Tena Campbell, Senior District Judge for the U.S.
District Court for Utah, sitting by designation.

Gnovel also petitions for review of the BIA's denial of his motions to remand and reconsider. Where, as here, the BIA adopts the IJ's decision and also adds its own reasons, both decisions are reviewed. Nuru v. Gonzales, 404 F.3d 1207, 1215 (9th Cir. 2005). Questions of law are reviewed de novo, but factual findings underlying the agency's final order are reviewed for substantial evidence. Id. Reviewing for substantial evidence means the BIA's findings must be upheld unless the evidence compels a contrary result. INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We deny the petition.

## A. Scope of Review

Mr. Gnovel argues that the BIA substituted its own dispositive factual findings for those of the IJ, contravening 8 C.F.R. § 1003.1(d)(3)(iv), which states that "the Board will not engage in factfinding in the course of deciding appeals." This argument is without merit, because there is no substantive difference between the findings of the BIA and the IJ.

The BIA's statements regarding apostasy paraphrased the IJ's finding that Mr. Gnovel's claimed apostasy would not be easily observed or likely to cause him serious problems. The BIA also found "the one physical altercation described by the [Petitioner] [in]sufficient to establish past persecution." The IJ made an explicit finding that Mr. Gnovel did not suffer past persecution and was therefore

not entitled to a presumption of eligibility for withholding of removal: "He also has not proven that he experienced past persecution on account of any protected ground while he was in Malaysia." The BIA's statements were not new findings of fact and did not violate § 1003.1(d)(3)(iv).

**B.      Withholding of Removal/Convention Against Torture Relief**

The BIA found that, despite having converted back to Catholicism, Mr. Gnovel would not be considered a Muslim apostate upon return to Malaysia. Substantial evidence supported the IJ's and BIA's conclusions, and the evidence submitted by Mr. Gnovel does not compel a contrary result. Mr. Gnovel, as an ethnic Indian, would not be presumed to be a Muslim. Mr. Gnovel has no documents identifying him as a Muslim, and presented no evidence that anyone in Malaysia has such documents. Mr. Gnovel did not present evidence that Catholics are generally persecuted in Malaysia. In Mr. Gnovel's favor, he testified that a Muslim once came looking for him to see if he was still practicing Islam, but this incident occurred nearly fourteen years ago. It is true that those who convert from Islam in Malaysia can be treated harshly and that regulations in force since 1999 require all Muslims, both ethnic and converts, to carry identification indicating adherence to Islam. The IJ's and BIA's conclusions, however, were premised on

the fact that there was no evidence that anyone in Malaysia would be able to identify Mr. Gnovel as an apostate.

Turning to the Convention Against Torture, Mr. Gnovel's arguments are the same as those put forward in support of withholding of removal; he will face torture as an apostate if he returns to Malaysia. Again, Mr. Gnovel's argument is completely reliant on the presumption that he will be treated as an apostate; the potentially harsh treatment of apostates is not disputed. As discussed, substantial evidence supports the IJ's conclusion that Mr. Gnovel would not be treated as an apostate upon his return, and the evidence cited by Mr. Gnovel does not compel a contrary conclusion.

## C.    Motions to Remand/Reconsider

A motion to remand proceedings shall not be granted unless it appears to the BIA that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing. 8 C.F.R. § 1003.2(c)(1). The BIA abuses its discretion when it fails to offer a reasoned explanation for its decision, or distorts or disregards important aspects of the alien's claim. Konstantinova v. INS, 195 F.3d 528, 529 (9th Cir. 1999).

The BIA based its denial of Mr. Gnovel's motion on reasons permitted under § 1003.2(c)(1), and did not abuse its discretion. Mr. Gnovel sought to introduce

six new documents.  The BIA first stated that Mr. Gnovel did not "demonstrate[]"

that the evidence now submitted was previously unavailable, or sufficiently

material so as to warrant a new hearing."  The BIA then noted that three of the

documents predated Mr. Gnovel's hearing, one was undated, and that at least one

other was not material.

For the same reasons, the BIA did not abuse its discretion by denying Mr.

Gnovel's motion for reconsideration of the denial of his motion to remand.  See 8

C.F.R. §§ 1003.2(a)-(b)(1).

**DENIED.**