*626 MEMORANDUM ***
Petitioner Miguel Angel Aguallo, a native and citizen of Belize, petitions for review of the Board of Immigration Appeals’ (“BIA”) denial of his motion to reopen following the denial of his application for cancellation of removal for failure to meet the hardship requirement set forth in 8 U.S.C. § 1229b(b)(l)(D). The only issue before the court is the denial of the motion to reopen. Because the BIA did not commit any legal error or otherwise abuse its discretion, we deny the petition. See Aguilar Gonzalez v. Mulcasey, 534 F.3d 1204, 1208 (9th Cir.2008) (holding that we review de novo the BIA’s legal determinations); He v. Gonzales, 501 F.3d 1128, 1130-31 (9th Cir.2007) (“We review for abuse of discretion the BIA’s denial of a motion to reopen.”).
The BIA correctly determined that the standard in 8 C.F.R. § 1003.2(c)(1) applied to Petitioner’s motion to reopen and that the motion to reopen failed to meet that standard. See Bhasin v. Gonzales, 423 F.3d 977, 987 (9th Cir.2005) (explaining that 8 C.F.R. § 1003.2(c)(1) requires that the evidence submitted with a motion to reopen must not have been available at the time of the former hearing before the IJ). The BIA did not abuse its discretion by holding, in the alternative, that the evidence failed to meet the threshold for reopening. See Hernandez-Ortiz v. INS, 777 F.2d 509, 513 (9th Cir.1985) (“A prima facie case is established when an alien presents ‘affidavits or other evidentiary material,’ which, if true, would satisfy the requirements for substantive relief.” (citation omitted)), superceded by statute on other grounds as stated by Parussimova v. Mukasey, 555 F.3d 734 (9th Cir.2009). Finally, the BIA did not abuse its discretion by failing to note that the government had not filed a response to Petitioner’s motion. Cf. Konstantinova v. INS, 195 F.3d 528, 530-31 (9th Cir.1999) (holding that the BIA may waive procedural defects in a motion to reopen or remand even if the government does not affirmatively support or oppose the motion).
Petition DENIED.[1]

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. We do not reach any issue related to ineffective assistance of counsel, which is not before us on the present petition.