**Hector Alexander UMANZOR–AGUILAR, Petitioner,**

**v.**

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 10–70909.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 18, 2014.*

Filed Dec. 8, 2014.

Niels W. Frenzen, Esquire, University of Southern CA Law School, Los Angeles, CA, for Petitioner.

OIL, Tracey McDonald, Ernesto Horacio Molina, Jr., Esquire, Senior Litigation Counsel, U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Hector Alexander Umanzor–Aguilar, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ")

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Tapia Madrigal v. Holder*, 716 F.3d 499, 503 (9th Cir.2013). We grant the petition for review and remand.

In denying Umanzor–Aguilar's asylum and withholding of removal claims, the agency found Umanzor–Aguilar failed to establish past persecution or a fear of future persecution on account of a protected ground. When the IJ and BIA issued their decisions in this case, they did not have the benefit of this court's decisions in *Perdomo v. Holder*, 611 F.3d 662 (9th Cir. 2010), *Henriquez–Rivas v. Holder*, 707 F.3d 1081 (9th Cir.2013) (en banc), *Cordoba v. Holder*, 726 F.3d 1106 (9th Cir.2013), and *Pirir–Boc v. Holder*, 750 F.3d 1077 (9th Cir.2014), or the BIA's decisions in *Matter of M–E–V–G–*, 26 I. & N. Dec. 227 (BIA 2014), and *Matter of W–G–R–*, 26 I. & N. Dec. 208 (BIA 2014). Thus, we remand Umanzor–Aguilar's asylum and withholding of removal claims to determine the impact, if any, of these decisions. *See INS v. Ventura*, 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam). In light of this remand, we do not reach Umanzor–Aguilar's remaining challenges to the agency's denial of his asylum and withholding of removal claims at this time.

With respect to CAT relief, the record shows that the police refused to take a report of the attack on Umanzor–Aguilar without the gang members' names. The IJ found that the police "were not able to really do much about" the attack and that the evidence did not show the government was "aware of the activity." These findings are not supported. *See Konstantinova v. INS*, 195 F.3d 528, 529 (9th Cir.1999)

(agency errs when it distorts or disregards important aspects of claim); *Tapia Madrigal*, 716 F.3d at 509 (petitioner need only show that "a public official" would acquiesce in his torture). Thus, we also remand Umanzor–Aguilar's CAT claim for reconsideration of whether it is more likely than not he will be tortured upon return to El Salvador in light of the police refusal to take the report. *See Ventura*, 537 U.S. at 16–18, 123 S.Ct. 353; *Tapia Madrigal*, 716 F.3d at 510.

**PETITION FOR REVIEW GRANTED; REMANDED.**