**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 28 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LIANG WANG, | No. 15-70785 |
| Petitioner, | Agency No. A089-299-878 |
| v. | |
| MATTHEW G. WHITAKER, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 13, 2018
San Francisco, California

Before: SCHROEDER and WATFORD, Circuit Judges, and KORMAN,** District
Judge.

Petitioner Liang Wang, a citizen of the People's Republic of China, sought

asylum, withholding of removal, and protection under the Convention Against

Torture ("CAT") based on a fear of future persecution because of his membership

in the Chinese Democratic Party. Wang's claims were rejected. After the

_____

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Edward R. Korman, United States District Judge for
the Eastern District of New York, sitting by designation.

statutorily authorized 90-day window for motions to reopen expired, Wang filed a motion to reopen alleging changed circumstances or, in the alternative, invoking the Board of Immigration Appeals' ("BIA") discretionary ability to reopen *sua sponte*. The BIA denied his motion and Wang appeals.

**1.** We do not have jurisdiction over the BIA's discretionary decision not to exercise its *sua sponte* authority to reopen. *Ekimian v. I.N.S.*, 303 F.3d 1153, 1159 (9th Cir. 2002); *see also Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016). Insofar as Wang seeks review of that discretionary decision, his petition is dismissed.

**2.** Wang's motion to reopen based on changed country conditions attached the previous decisions in his case and news articles to support his claim. But it did not include either his previously rejected asylum application or a new application. Under 8 C.F.R. § 1003.2(c)(1), "[a] motion to reopen proceedings for the purpose of submitting an application for relief must be accompanied by the appropriate application for relief and all supporting documentation." Because Wang did not submit an application for relief as required by the regulation, the BIA denied his motion to reopen. However, failure to submit an application with a motion to reopen does not require denial of the motion. *Konstantinova v. I.N.S.*, 195 F.3d 528, 530 (9th Cir. 1999). Where, as here, the petitioner does not seek a new form

of relief but rather review of a previously submitted application available to the BIA, the original application need not be attached. *See Socop-Gonzalez v. I.N.S.*, 272 F.3d 1176, 1196-97 (9th Cir. 2011) (en banc). Accordingly, the BIA should not have denied Wang's motion to reopen for failure to attach his previously submitted asylum application.

**DISMISSED IN PART and GRANTED IN PART.**