Anup KAUR, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 04–72026.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 22, 2006.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

George T. Heridis, Esq., Rai & Associates, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Regina Byrd, Attorney, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

## MEMORANDUM **

Anup Kaur, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen removal proceedings based on changed country conditions in India. To the extent we have jurisdiction,

---

** This disposition is not appropriate for publication and may not be cited to or by the

it is conferred by 8 U.S.C. § 1252(a)(1). We review for abuse of discretion the denial of a motion to reopen, *see De Martinez v. Ashcroft,* 363 F.3d 1022, 1024 (9th Cir. 2004), and we deny in part and dismiss in part the petition for review.

■ The BIA did not abuse its discretion in denying Kaur's motion to reopen because the newspaper articles she submitted were too general to demonstrate an objective basis for fearing persecution in India, and she offered no evidence to overcome the immigration judge's ("IJ") adverse credibility finding. Thus, Kaur failed to establish prima facie eligibility for asylum or withholding of removal. *See* 8 C.F.R. § 1003.2(c)(1); *Konstantinova v. INS,* 195 F.3d 528, 530 (9th Cir.1999) (upholding the denial of motion to reopen where petitioner introduced evidence that was too general in nature to demonstrate a well-founded fear of persecution).

The BIA did not abuse its discretion in declining to reissue its earlier decision because even if Kaur had reason to be confused about the exact date the decision issued, she filed her motion to reopen within the requisite 90 days, so no prejudice resulted.

Kaur's contention that the BIA erred in failing to fully explain its reasons for denying her motion to reopen lacks merit because the BIA is entitled to the presumption that it considered all relevant evidence in reaching its conclusion, and Kaur failed to rebut that presumption. *See Larita-Martinez,* 220 F.3d 1092, 1095–96 (9th Cir. 2000).

■ We lack jurisdiction to review Kaur's challenge to the IJ's adverse credibility finding, affirmed in the BIA's order of November 10, 2003, because the instant petition for review is not timely as to that

courts of this circuit except as provided by 9th Cir. R. 36–3.

order. *See* 8 U.S.C. § 1252(b); *Martinez–Serrano v. INS*, 94 F.3d 1256, 1258 (9th Cir.1996).

We also lack jurisdiction to consider Kaur's contention regarding her eligibility for CAT relief, because she failed to exhaust that claim before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 676 (9th Cir.2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part**