Abayomi Agbolade **SANGOKOYA,**
Petitioner,

v.

Alberto R. **GONZALES,** Attorney
General, Respondent.

No. 05–74019.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 21, 2006.*

Filed Dec. 27, 2006.

Abayomi Agbolade Sangokoya, San Pedro, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Barry J. Pettinato, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and LEAVY, Circuit Judges.

MEMORANDUM **

Abayomi Agbolade Sangokoya, a native and citizen of Nigeria, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen so he could apply for asylum based

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

on changed circumstances. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the BIA's denial of a motion to reopen for abuse of discretion, *Lara–Torres v. Ashcroft,* 383 F.3d 968, 972 (9th Cir.2004), *amended by* 404 F.3d 1105 (9th Cir.2005), and we deny the petition for review.

The BIA did not abuse its discretion in denying Sangokoya's motion to reopen because the evidence submitted by Sangokoya that would have been previously unavailable at his 2002 hearing was too general to demonstrate an objective basis for fearing persecution in Nigeria. *See Konstantinova v. INS,* 195 F.3d 528, 530 (9th Cir.1999) (upholding the denial of a motion to reopen where petitioner introduced evidence that was too general in nature to demonstrate a well-founded fear of persecution).

Moreover, we do not consider the new evidence Sangokoya seeks to introduce with his petition for review and his reply brief because our review is limited to the administrative record. *See Chouchkov v. INS,* 220 F.3d 1077, 1080 (9th Cir.2000). Accordingly, the government's motions to strike the new evidence are granted.

We also lack jurisdiction to consider Sangokoya's cancellation of removal claim because he did not raise the claim before the BIA. *See Vargas v. INS,* 831 F.2d 906, 907–08 (9th Cir.1987) (a petitioner's failure to raise an issue to the BIA constitutes a failure to exhaust, depriving this court of jurisdiction).

**PETITION FOR REVIEW DENIED.**