Carlos Antonio ROBLES–DIAZ, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–73379.

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2007.*

Filed March 16, 2007.

Ashwani K. Bhakhri, Esq., Law Offices of Ashwani K. Bhakhri, Burlingame, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Stacy S. Paddack, Kurt B. Larson, Esq. U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KOZINSKI, LEAVY, and BYBEE, Circuit Judges.

MEMORANDUM **

Carlos Antonio Robles–Diaz, a native and citizen of El Salvador, petitions for

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

review of the Board of Immigration Appeals ("BIA") order denying his motion to reopen deportation proceedings. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *See Konstantinova v. INS*, 195 F.3d 528, 529 (9th Cir. 1999). We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying as untimely Robles–Diaz's motion to reopen, filed more than nine years after a final order of deportation was entered *in absentia*. *See* 8 C.F.R. § 1003.2(c)(2)-(3) (a motion to reopen must be filed no later than 90 days after the final administrative decision, or on or before September 30, 1996, whichever is later); *In re M–S–*, 22 I. & N. Dec. 349, 357 (BIA 1998) (en banc) (concluding that a motion to reopen to apply for a new form of relief must comply with the regular requirements for motions to reopen, including timeliness).

To the extent Robles–Diaz claims he received ineffective assistance of counsel, we do not consider the claim because he failed to raise it before the BIA. *Ontiveros–Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir.2000) (petitioner must exhaust administrative remedies by presenting ineffective assistance of counsel claim to the BIA).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.