**Arkan Yonan NAMMO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–72827.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 26, 2008.*

Filed March 12, 2008.

Law Offices of Alexander Tucker, San Diego, CA, for Petitioner.

CAS–District Counsel, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, William C. Erb, Jr., Esq., John G. Amaya, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

## MEMORANDUM **

Arkan Yonan Nammo, a native and citizen of Iraq, petitions for review of the

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provid-

Board of Immigration Appeals' ("BIA") order denying his motion to reopen his removal proceedings and to reconsider its March 1, 2006 order. To the extent we have jurisdiction, it is under 8 U.S.C. § 1252. We review the BIA's denial of a motion to reopen or to reconsider for an abuse of discretion, *see Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in concluding that Nammo failed to establish an error of fact or law in its March 1, 2006 order. *See* 8 C.F.R. § 1003.2(b)(1); *Socop–Gonzalez v. INS*, 272 F.3d 1176, 1180 n. 2 (9th Cir.2001) (en banc). Nammo was provided an opportunity to explain the basis for the IJ's finding that Nammo submitted a frivolous asylum application. *See* 8 U.S.C. § 1158(d)(6); 8 C.F.R. § 208.20; *cf. Farah v. Ashcroft*, 348 F.3d 1153, 1157–58 (9th Cir.2003) (setting forth criteria for finding an application frivolous). We lack jurisdiction to review Nammo's contention that the IJ "intimidated and mentally punished" Nammo because he did not raise it before the BIA. *See Camposeco–Montejo v. Ashcroft*, 384 F.3d 814, 821 (9th Cir.2004).

The BIA also did not abuse its discretion in denying Nammo's motion to reopen because the state department report he introduced did not demonstrate a well-founded fear that he personally would be persecuted in Iraq. *See Konstantinova v. INS*, 195 F.3d 528, 530 (9th Cir.1999) (holding that evidence introduced in support of motion to reopen was "too general" to demonstrate a well-founded fear of future persecution).

To the extent Nammo challenges the BIA's March 1, 2006 order affirming the

ed by 9th Cir. R. 36–3.

immigration judge's order denying his applications for asylum, withholding of removal and relief under the Convention Against Torture, we lack jurisdiction because this petition is not timely as to that order. *See* 8 U.S.C. § 1252(b)(1); *see also Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir.2003).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**