**Theodore Anyiam EMETOH, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 05–73611.**

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2008.*

Filed Aug. 5, 2008.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Judith L. Wood, Esq., Law Offices of Judith L. Wood Human Rights Project, Los Angeles, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jennifer Levings, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, THOMAS, and WARDLAW, Circuit Judges.

### MEMORANDUM **

Theodore Anyiam Emetoh, a native and citizen of Nigeria, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to re-open proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. Reviewing for abuse of discretion, *Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003), we grant in part and dismiss in part the petition for review.

Emetoh filed a motion to reopen to apply for adjustment of status which the BIA denied because it did not include clear and convincing evidence of a strong likelihood that his marriage is bona fide. The Bureau of Citizenship and Immigration Services subsequently approved the I–130 filed by Emetoh's wife.

The BIA mischaracterized the declaration Emetoh submitted with his motion to reopen as stating only that his marriage was entered into in good faith, when in fact the declaration went on to attest to Emetoh and his wife's cohabitation. *See Konstantinova v. INS*, 195 F.3d 528, 529 (9th Cir.1999) ("[t]he BIA abuses its discretion when it distorts or disregards important aspect of the alien's claims"). When fully considered, the evidence Emetoh submitted with the motion to reopen establishes a prima facie case for a bona fide marriage. *See Malhi*, 336 F.3d at 994 ("in order to qualify for the bona fide marriage exemption, an applicant must offer evidence that is probative of the motivation for marriage").

We lack jurisdiction to review Emetoh's contentions regarding his applications for asylum, withholding of removal and protection under the Convention Against Torture because Emetoh failed to file a timely petition for review of his underlying removal order. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1258 (9th Cir.1996).

Emetoh's motion to consolidate is denied as moot.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**PETITION FOR REVIEW GRANTED in part; DISMISSED in part; REMANDED.**