**Nehemias Edmundo Ramirez
RICARDO, Petitioner,**

v.

**Michael B. MUKASEY,\* Attorney
General, Respondent.**

No. 07–70352.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 8, 2008.\*\*

Filed Sept. 12, 2008.

See also 202 Fed.Appx. 267.

Nehemias Edmundo Ramirez Ricardo, Buena Park, CA, pro se.

David V. Bernal, Esquire, Regan Hildebrand, Lindsay E. Williams, Esquire, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, CAC–District, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: TASHIMA, SILVERMAN, and N.R. SMITH, Circuit Judges.

## MEMORANDUM \*\*\*

Nehemias Edmundo Ramirez Ricardo, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' denial of his second motion to reopen as numerically barred. In the motion to reopen, petitioner sought to apply for protection under the Convention Against Torture ("CAT") following the underlying denial of his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

Petitioner contends that the numerical bar to his motion to reopen should not prevent consideration of his motion be-

---

\* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

cause he established an exception to the bar by demonstrating that there are changed country conditions in Guatemala giving rise to his prima facie eligibility for relief under CAT.

The BIA acted within its discretion in concluding that petitioner's second motion to reopen was numerically barred. *See* 8 C.F.R. § 1003.2(c). Petitioner failed to demonstrate changed country conditions to establish an exception to that bar. *See Konstantinova v. INS,* 195 F.3d 528, 530 (9th Cir.1999).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.