MEMORANDUM **
In these consolidated petitions for review, Fred Nganga Ngugi, a native and citizen of Kenya, petitions pro se for review of the Board of Immigration Appeals’ (“BIA”) order dismissing his appeal from an immigration judge’s (“IJ”) decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”) (No. 06-74801), and of the BIA’s order denying his motion to reopen (No. 07-72771). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency’s factual findings, Zehatye v. Gonzales, 453 F.3d 1182, 1184-85 (9th Cir.2006), we review de novo constitutional questions, see Vasquez-Zavala v. Ashcroft, 324 F.3d 1105, 1107 (9th Cir.2003), and we review for abuse of discretion the denial of a motion to reopen, see Cano-Merida v. INS, 311 F.3d 960, 964 (9th Cir.2002). We deny in part and dismiss in part the petitions for review.
The record does not compel the conclusion that Ngugi has established extraordinary circumstances that excuse the untimely filing of his asylum application. See 8 C.F.R. § 208.4(a)(5); see also Husyev v. Mukasey, 528 F.3d 1172, 1181-82 (9th Cir.2008). Accordingly, his asylum claim fails.
As to withholding of removal, substantial evidence supports the agency’s determination that the warnings, threats, and harassment Ngugi experienced in Kenya did not rise to the level of past persecution. See Nagoulko v. INS, 333 F.3d 1012, 1016-17 (9th Cir.2003). Substantial evidence also supports the agency’s determination that Ngugi failed to establish a clear probability that he would be persecuted based on his political opinion, Kikuyu ethnicity, or imputed gang association if he returned to Kenya. See Hoxha v. Ashcroft, 319 F.3d 1179, 1185 (9th Cir.2003).
Substantial evidence supports the agency’s denial of CAT protection because Ngugi failed to show that it is more likely than not that he would be tortured if he returned to Kenya. See Sinha v. Holder, 564 F.3d 1015, 1026 (9th Cir.2009).
We reject Ngugi’s contentions that he was denied due process by an inadequate translation of his testimony or that the BIA ignored evidence and did not provide meaningful review, because he has failed to show prejudice. See Lata v. INS, 204 F.3d 1241, 1246 (9th Cir.2000) (to prevail on a due process challenge an individual *523 must show prejudice). We lack jurisdiction to review Ngugi’s remaining due process contentions that the IJ failed to apply the proper regulatory presumptions and to consider all the evidence because he failed to raise these issues before the BIA. See Barron v. Ashcroft, 358 F.3d 674, 678 (9th Cir.2004).
The BIA did not abuse its discretion in denying Ngugi’s untimely motion to reopen because the motion was supported only by general articles related to the continued civil unrest and ethnic violence in Kenya and provided insufficient information relating specifically to Ngugi. See Konstantinova v. INS, 195 F.3d 528, 530 (9th Cir.1999) (holding that evidence introduced in support of motion to reopen based on changed country conditions was “too general”).
Finally, we decline to grant Ngugi’s request for judicial notice. See Fisher v. INS, 79 F.3d 955, 963 (9th Cir.1996) (en banc). We note that a motion to reopen based on changed country conditions may be filed at any time with the BIA and is not subject to the numerical limit on motions to reopen. See 8 C.F.R. § 1003.2(c)(3)(ii).
PETITION FOR REVIEW in No. 06-74801 DENIED in part; DISMISSED in part.
PETITION FOR REVIEW in No. 07-72771 DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.