**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

YUXIANG XU,

          Petitioner,

   v.

ERIC H. HOLDER Jr., Attorney General,

          Respondent.

No. 07-71047

Agency No. A075-740-968

MEMORANDUM [*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 11, 2010[**]

Before:     BEEZER, TROTT, and BYBEE, Circuit Judges.

    Yuxiang Xu, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") February 21, 2007 order denying Xu's

motion to reopen to apply for asylum. In that same order, the BIA granted Xu's

motion to reissue the BIA's June 20, 2003 decision, which adopted and affirmed an

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

immigration judge's order denying Xu's applications for asylum, withholding of removal, and relief under the Convention Against Torture.  Our jurisdiction is controlled by 8 U.S.C. § 1252.  We review the denial of a motion to reopen for abuse of discretion.  *Cano-Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002).  We deny in part and dismiss in part the petition for review.

To the extent that Xu raises a due process challenge to the BIA's reissued June 20, 2003 decision, we find that Xu was afforded a full and fair hearing. *See Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 926–27 (9th Cir. 2007).

The BIA did not abuse its discretion in denying Xu's motion to reopen to apply for asylum because the evidence Xu submitted was insufficient to demonstrate a prima facie case of eligibility.  *See Konstantinova v. INS*, 195 F.3d 528, 530 (9th Cir. 1999) (affirming the BIA's holding that the evidence submitted in support of a motion to reopen was "too general" to demonstrate a well-founded fear of future persecution).

Finally, we lack jurisdiction to review the BIA's failure to invoke its sua sponte authority under 8 C.F.R. § 1003.2(a) to reopen Xu's removal proceedings. *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**