**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAURA DE JESUS HERNANDEZ-GUEVARA, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 09-70823 <br><br> Agency No. A076-362-890 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2011[**]

Before:    CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Laura De Jesus Hernandez-Guevara, a native and citizen of Mexico,

petitions for review of the Board of Immigration Appeals' order dismissing her

appeal from an immigration judge's decision denying her motion to reopen

removal proceedings conducted in absentia. We have jurisdiction under 8 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1252. We review for abuse of discretion the denial of a motion to reopen, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir. 2003), and we deny the petition for review.

The agency did not abuse its discretion in denying Hernandez-Guevara's motion to reopen as untimely where Hernandez-Guevara filed the motion more than nine years after the February 10, 1998, removal order, *see* 8 C.F.R. § 1003.23(b)(4)(iii)(A)(1) (motion to reopen based on exceptional circumstances must be filed within 180 days of the deportation order), and failed to establish that she acted with the due diligence required for equitable tolling, *see Iturribarria*, 321 F.3d at 897 (equitable tolling available to a petitioner who is prevented from filing due to deception, fraud or error, and exercises due diligence in discovering such circumstances); *cf. Ghahremani v. Gonzales*, 498 F.3d 993, 1000 (9th Cir. 2007) (due diligence shown where petitioner demonstrated "steadfast pursuit" of his case). Hernandez-Guevara received proper notice of her removal hearing because she was personally served a Notice to Appear. *See* 8 U.S.C. § 1229(a); *Flores-Chavez v. Ashcroft*, 362 F.3d 1150, 1156 n.4 (9th Cir. 2004) ("Current law does not require that the Notice to Appear . . . be in any language other than English.").

09-70823

The agency also did not abuse its discretion in denying Hernandez-Guevara's motion to reopen based on changed country conditions, because Hernandez-Guevara failed to establish prima facie eligibility for asylum. *See Konstantinova v. INS*, 195 F.3d 528, 530 (9th Cir. 1999) (upholding denial of motion to reopen where petitioner introduced evidence that was too general in nature to demonstrate a well-founded fear of persecution).

**PETITION FOR REVIEW DENIED.**