**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SARABJIT SINGH, | No. 08-72414 |
| Petitioner, | Agency No. A076-674-016 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 14, 2010[**]
San Francisco, California

Before: HUG, SKOPIL, and BEEZER, Circuit Judges.

Sarabjit Singh petitions for review of a decision by the Board of

Immigration Appeals ("BIA") denying a motion to reopen his claims for asylum,

withholding of removal and relief under the United Nations Convention Against

Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We conclude that

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the BIA did not abuse its discretion by concluding that Singh failed to establish a prima facie case of eligibility for relief, so we deny the petition for review.

The facts of this case are known to the parties. We do not repeat them.

We review the BIA's denial of a motion to reopen for abuse of discretion. *De Martinez v. Ashcroft*, 374 F.3d 759, 761 (9th Cir. 2004). The BIA's legal conclusions are reviewed de novo, and its "[f]actual findings are reviewed for substantial evidence." *Bhasin v. Gonzales*, 423 F.3d 977, 983 (9th Cir. 2005). Because Singh failed to timely appeal the order of removal, we lack jurisdiction to review the original determinations of the IJ and the BIA. *See Toufighi v. Mukasey*, 538 F.3d 988, 994 (9th Cir. 2008).

When examining a motion to reopen, the main question for the BIA is "whether circumstances have changed sufficiently that a petitioner who previously did not have a legitimate claim for asylum now has a well-founded fear of future persecution." *Malty v. Ashcroft*, 381 F.3d 942, 945 (9th Cir. 2004). In this case, the BIA properly concluded that Singh's new evidence was simply "too general" to show the requisite well-founded fear of persecution account of a protected basis. *See Konstantinova v. INS*, 195 F.3d 528, 530 (9th Cir. 1999). The affidavits from Singh's father and neighbor give no indication as to why the police are looking for Singh. Although the newspaper articles evidence political tensions and isolated

2

incidents of violence or harassment in the Punjab region, the articles do not establish a "pattern or practice of persecution" against members of Singh's political party, and even if he is a member of a disfavored group, they do not show that Singh himself is likely to be targeted. *See Halim v. Holder*, 590 F.3d 971, 977 (9th Cir. 2009).

In short, the BIA provided "a reasoned explanation" for denying Singh's motion to reopen, *see Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005), and the BIA did not err by denying Singh's motion for "failure to establish a prima facie case for the relief sought." *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (internal quotation marks omitted). Because he failed to establish eligibility for asylum, Singh necessarily failed to establish eligibility for withholding of removal. *See Al-Harbi v. INS*, 242 F.3d 882, 888-89 (9th Cir. 2001). Additionally, to the extent that Singh's motion to reopen properly encompassed a claim for CAT relief, Singh likewise failed to establish that he is "more likely than not to be tortured" if he returns to India. *See Almaghzar v. Gonzales*, 457 F.3d 915, 922-23 (9th Cir. 2006).

**DENIED.**