**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMARTUGS NAMKHAI, | No. 13-72677 |
| Petitioner, | Agency No. A099-857-331 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 11, 2016
San Francisco, California

Before: D.W. NELSON, NOONAN, and O'SCANNLAIN, Circuit Judges.

Amartugs Namkhai is a native and citizen of Mongolia. She arrived in the

United States in 2005 on a six-month visitor visa and never left. In 2006, the

Department of Homeland Security ("DHS") charged her with removability because

she had remained in the United States for longer than the visa permitted. Namkhai

conceded this charge. She subsequently applied for withholding of removal,

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

asylum, and protection under the Convention Against Torture ("CAT") alleging that she had suffered violence on account of (1) her work as a police officer fighting corruption endemic to the Mongolian People's Revolutionary Party ("MPRP"); (2) her membership in the Democratic Party; and (3) her membership in an unspecified social group. The IJ denied Namkhai's application determining that she was not credible and that her documentary evidence did not independently entitle her to relief. The Board of Immigration Appeals ("BIA") upheld the IJ's decision and dismissed Namkhai's appeal. Namkhai petitions this court for review of the BIA's decision. We have jurisdiction under 8 U.S.C. § 1252, and we deny Namkhai's petition.

1. The BIA upheld the IJ's adverse credibility determination on the grounds that Namkhai gave inconsistent and implausible testimony about three factors significant to her asylum application. *Shrestha v. Holder*, 590 F.3d 1034, 1046-47 (9th Cir. 2010). We agree that two of these factors substantially support the BIA's determination. *Id.* at 1039. First, Namkhai gave discrepant testimony regarding whether the MPRP continued to make threatening phone calls to her after she quit her job as a police officer. Namkhai listed these phone calls as facts in support of her asylum application, and thus her equivocal testimony about when they ended is significant. *See id.* at 1046-47 (stating that inconsistent responses

2

regarding the "underlying events that [give] rise to [a petitioner's] fear [are] an important factor in making an adverse credibility determination"). Second, Namkhai testified inconsistently as to whether she kept documentary evidence of MPRP's misappropriation of public funds. She first testified that she possessed such evidence, then that she did not, then that she forgot. The BIA upheld the IJ's determination that this was not plausible, and we agree. *See Jibril v. Gonzales*, 423 F.3d 1129, 1135 (9th Cir. 2005) (stating that the "IJ must be allowed to exercise common sense in rejecting a petitioner's testimony even if the IJ cannot point to specific, contrary evidence in the record to refute it").

2.     The BIA upheld the IJ's determination that Namkhai's documentary evidence did not independently entitle her to asylum because the evidence did not establish that a protected ground was one of the central reasons for the harm she suffered. *Parussimova v. Mukasey*, 555 F.3d 734, 740-41 (9th Cir. 2008). Namkhai's documentary evidence, including reports of each of the incidents of harm she suffered, does not demonstrate that her police work investigating corruption or her political opinions were central reasons for the harm she endured or would likely endure.  Therefore, the BIA's decision is supported by substantial evidence. *Ling Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014).

3.     Because the BIA's determination that Namkhai is not entitled to asylum is supported by substantial evidence, its determination that she is not entitled to withholding of removal is also necessarily supported by substantial evidence. *Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir. 2004).

4.     This court does not need to remand this case to the BIA because of its errant statement that it would assume Namkhai to be credible for purposes of analyzing her asylum claim, but then failing to consider her testimony. When read in the context of (1) the BIA's determination that Namkhai was not credible, and (2) the BIA's analysis, it is evident that the BIA only considered Namkhai's documentary evidence and only intended to consider this evidence. Therefore, the court need not remand this case to the BIA. *See Eneh v. Holder*, 601 F.3d 943, 947-48 (9th Cir. 2010) (stating that when this court needs clarification in order to adequately review a BIA opinion, it is necessary to remand the case).

5.     The BIA did not abuse its discretion in failing to remand Namkhai's case to the IJ so that it could consider whether her membership in a social group entitled her to asylum. *Konstantinova v. I.N.S.*, 195 F.3d 528, 529 (9th Cir. 1999). Namkhai amended her asylum application in 2012, stating at a hearing before the IJ that there had been a "change in the law . . . regarding whistleblowers," and that she wished to amend her application to reflect "a new ground for asylum as well,

which is a particular social group." The BIA determined that Namkhai's social group claim was merely an additional legal claim based on the same facts that she had already alleged, and that the IJ had properly considered and rejected this claim. Because the IJ considered Namkhai's police work investigating corruption among government officials—including her whistleblowing activity—and determined that Namkhai's documentary evidence did not demonstrate that the harm she suffered was caused by this work, the BIA did not abuse its discretion in deciding not to remand Namkhai's case to the IJ.

6.      The BIA upheld the IJ's determination that Namkhai was not entitled to relief under CAT on the grounds that her documentary evidence did not demonstrate that the harm she suffered was for a proscribed purpose. *Ridore v. Holder*, 696 F.3d 907, 912 (9th Cir. 2012). Because Namkhai's documentary evidence does not show that (1) she would likely be harmed because of her anti-corruption work or political opinion, or (2) that police officers who investigate corruption generally are likely to be harmed for their work, the BIA's decision is supported by substantial evidence. *Ling Huang*, 744 F.3d at 1152.

Namkhai additionally argues that the BIA should have remanded her CAT claim to the IJ so that it could have considered her testimony in its analysis. Because the IJ determined that Namkhai was not credible, the IJ should not have

considered her testimony, *Shrestha*, 590 F.3d at 1048-49, and the BIA therefore did not abuse its discretion in failing to remand her case. *Konstantinova*, 195 F.3d at 529.

**PETITION FOR REVIEW DENIED.**