FILED

**NOT FOR PUBLICATION**

APR 19 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VICTOR MANUEL MEZA-NOYOLA, | No. 13-74362 |
| Petitioner, | Agency No. A095-310-102 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2017[**]

Before: GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Victor Manuel Meza-Noyola, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review for abuse of discretion the denial of a motion to reopen. *Mohammed v. Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005). We deny the petition for review.

The BIA did not abuse its discretion in denying Meza-Noyola's motion to reopen as untimely, where he filed the motion more than six years after his final order of removal. *See* 8 C.F.R. § 1003.2(c)(2). Meza-Noyola failed to show the due diligence required for equitable tolling of the filing deadline and has not established that any statutory or regulatory exception to the filing deadline applies. *See* 8 C.F.R. § 1003.2(c)(3) (setting forth exceptions to the filing limitations for motions to reopen); *Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (equitable tolling is available to an alien who is prevented from timely filing a motion to reopen due to deception, fraud or error, as long as petitioner exercises due diligence in discovering such circumstances).

Meza-Noyola's contentions that the BIA failed to consider facts or evidence, apply relevant precedent, or sufficiently explain its analysis are not supported by the record. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010).

We are not persuaded by Meza-Noyola's contentions that the BIA was required to consider the immigration judge's prior credibility determination or the government's decision not to oppose his motion to reopen. *Cf.* 8 C.F.R.

13-74362

§ 1003.2(c)(3)(iii) (providing for an exception to the filing deadline where the motion to reopen is "[a]greed upon by all parties and jointly filed"); *Konstantinova v. INS*, 195 F.3d 528, 530 (9th Cir. 1999).

To the extent Meza-Noyola challenges his bond determination, we do not consider this contention. *See* 8 C.F.R. § 1003.19(d) (immigration judge's consideration of an alien's application or request regarding custody or bond "shall be separate and apart from . . . any deportation or removal hearing or proceeding").

In light of our disposition, we do not reach Meza-Noyola's remaining contentions regarding ineffective assistance of counsel or hardship.

**PETITION FOR REVIEW DENIED.**