**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 20 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ARMANDO SEVERINO-ZUNIGA, | No. 17-71335 |
| Petitioner, | Agency No. A079-611-901 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 18, 2017**

Before:    WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Armando Severino-Zuniga, a native and citizen of Argentina, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision granting his request to withdraw his

application for admission, and the BIA's order regarding his motions to reopen

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo legal determinations, and for substantial evidence factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We review for abuse of discretion the denial of a motion to remand and a motion to reopen. *Konstantinova v. INS*, 195 F.3d 528, 529 (9th Cir. 1999). We dismiss in part and deny in part the petition for review.

We do not consider the materials Severino-Zuniga submitted with his opening brief that are not part of the administrative record. *See Fisher v. INS,* 79 F.3d 955, 963-64 (9th Cir.1996) (en banc).

The BIA properly dismissed as untimely Severino-Zuniga's appeal from the IJ's grant of his request to withdraw his application for admission where he filed it over three months after the IJ's decision and did not provide any explanation for the late filing. *See* 8 C.F.R. § 1003.38(b)-(c). Thus, we lack jurisdiction to review Severino-Zuniga's due process contentions. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

The BIA did not abuse its discretion by affirming the IJ's denial of Severino-Zuniga's motion to reopen. *See Mohammed*, 400 F.3d at 791-92 (standard of review); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to

prevail on a due process claim)

Finally, the BIA did not abuse its discretion by declining to remand Severino-Zuniga's case where he failed to offer evidence that was unavailable and incapable of being discovered or presented at the former hearing. *See* 8 C.F.R. § 1003.2(c)(1); *Goel v. Gonzales*, 490 F.3d 735, 739 (9th Cir. 2007) (BIA did not abuse its discretion where evidence proffered was not previously unavailable).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**