**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 11 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DOMINGO MAXIMO IZAGUIRRE, | No. 19-71839 |
| Petitioner, | Agency No. A070-183-442 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 8, 2020[**]

Before:      TASHIMA, SILVERMAN, and OWENS, Circuit Judges.

Domingo Maximo Izaguirre, a citizen and native of Honduras, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen proceedings conducted in absentia. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen and review de novo questions of law. *Bonilla v. Lynch*, 840 F.3d 575, 581

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2016).  We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Izaguirre's unopposed motion to reopen, where it has the authority to do so.  *See Limsico v. INS*, 951 F.2d 210, 213 (9th Cir. 1991); *cf. Konstantinova v.  INS*, 195 F.3d 528, 530-31 (9th Cir. 1999) (abuse of discretion where denial of unopposed motion to remand was based on procedural error).  Izaguirre has not raised, and therefore waives, any challenge to the BIA's determination that *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), does not apply in this case.  *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (petitioner waives a contention by failing to raise it in the opening brief).

We lack jurisdiction to review Izaguirre's unexhausted contention that, because his hearing notice was not accompanied by a certificate of service, jurisdiction did not vest with the immigration court.  *Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010).

Izaguirre's contention that the BIA did not properly address the reason for his request for sua sponte reopening is not supported, and we otherwise lack jurisdiction to review the BIA's denial of sua sponte reopening.  *See Bonilla*, 840 F.3d at 588.

19-71839

The temporary stay of removal remains in place until issuance of the mandate. The motion for a stay of removal is otherwise denied.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**